HAMILTON W. MERRILL v. W. E. ROBERTS ET AL.

No. 6616.

1. **Bill for New Trial after the Term.**—The rule in such cases is that relief will not be granted unless the party seeking it can show that he was prevented from making a valid defense to the action in which the judgment was rendered against him by fraud, accident, or the act of the opposite party, unmixed with fault or negligence on his part. He must be able to impeach the justice and equity of the verdict of which he complains, and to show also that there is good ground to suppose that a different result would be attained by a new trial.

2. **Fact Case—Neglect.**—Plaintiff being sued in Clay County for an undivided half of a league of land by the children of the wife of the vendor of the plaintiff, employed local counsel to defend the suit. The attorney prepared the case for trial, but before the final trial removed to the city of Austin. He had associated three other lawyers with him in the defense. Two of these withdrew. The remaining associate counsel, owing to personal difficulties, did not represent the defense. The attorney at Austin relied upon the associate to try the case. His reason for not attending upon the trial was the existence of serious illness of two of his father's family at Austin. The case was called several times and postponed for convenience of the associate counsel. Ample time elapsed between the first call and the trial to have corresponded with the attorney at Austin or to telegraph defendant. Finally the case was tried in absence of counsel for the defendant. *Held,* such facts did not excuse Merrill for failure to make his defense, although he was a resident of the State of New York and relied upon his employed counsel to defend the case, and a judgment refusing to reopen the case was properly rendered.

APPEAL from Clay. Tried below before Hon. J. A. Templeton, Special District Judge.

The opinion states the case.

*Richard Morgan, Jr.,* for appellant.—The court erred in its fourth conclusion of law, in this, to-wit: The absence of Merrill's attorney was not, under the circumstances in proof, negligence; and even if the attorney was negligent, nevertheless, under the circumstances in proof, his negligence was not such that Merrill should be held responsible for it, and the court should have so found. Cowan v. Williams, 49 Texas, 380; Buford v. Bostick, 50 Texas, 371.

*Morgan & Freeman* filed an argument for appellant.

*A. K. Swan,* for appellees.—If appellant ever had a defense to the cause No. 132 which was not fully made out at the trial of December 14, 1882, the failure to present it was the reason of the gross negligence and misconduct of himself and his attorneys, and not the result of fraud, accident, or mistake, nor misconduct of appellees, and the trial court correctly so held. Harn v. Phelps, 65 Texas, 592; McGloin v. McGloin, 70 Texas, 634; Freem. on Judg., 112, 500; Davison v. Heffron, 31 Vt., 687; Wynn v. Wilson, Hemp., 698; Chester v. Apperson, 4 Heisk. (Tenn.), 642–646.

STAYTON, CHIEF JUSTICE.—On the 4th day of May, 1880, suit was instituted in the District Court of Clay County by W. E. Roberts and his sisters Mary E. Roberts and Mrs. L. P. Lodge (the latter joined by her husband John Lodge), all residents of Texas, against Hamilton W. Merrill, a resident of New York, to recover an undivided one-half of a league of land situated in Wichita County, which had been patented to Hamilton W. Merrill as assignee of Moses F. Roberts, who was the father of W. E. Roberts, Mary E. Roberts, and L. P. Lodge, and to have partition of the league of land between the plaintiffs and the defendant; the plaintiffs alleging in their petition that the land had been patented to the defendant, but that they had a superior equitable title to one-half of the land by reason of having inherited from their deceased mother her community interest in the certificate by virtue of which the land was located and patented, and praying for a removal of the cloud which they alleged was cast upon their title by defendant's patent.

Merrill answered, and on December 14, 1882, a judgment was rendered in favor of the plaintiffs. From that judgment Merrill prosecuted a writ of error, on which the judgment was affirmed on June 23, 1885. Merrill v. Roberts, 64 Texas, 443. It was then decided that under the averments of the petition the claim of the plaintiffs was not a stale claim.

The land was patented to Merrill by virtue of the headright certificate of the father of the plaintiffs in that action, issued in 1838.

Their mother died in 1839, and in 1851 their father transferred the certificate to a person who conveyed to Merrill, who after locating it obtained a patent in 1860, which granted the land to him as assignee.

At the term following that at which the judgment was rendered Merrill filed a petition seeking to set the judgment aside on substantially the same grounds set up in the petition in this case, but after an answer thereto had been filed Merrill asked leave to withdraw his petition or motion with accompanying affidavits, as alleged, for the purpose of making another application in which he desired to use the affidavits.

On August 3, 1883, an order was entered, a part of which was as follows: "It is therefore ordered by the court that said motion for a new trial, filed April 4, 1883, is hereby overruled without prejudice to any rights that defendant may have to a new trial, and it is further ordered that defendant's application to withdraw said original motion and the affidavits thereto attached be refused."

The petition in the case now before us was filed on the same day the petition for writ of error was filed. That the certificate under which the land was granted was issued to Moses F. Roberts as the head of a family composed of himself, the defendants in this case, and their mother, is not questioned.

It is thus seen that the plaintiffs in the former action were entitled to

recover as they did one-half of the land, unless Merrill was shown to be a purchaser for value without notice of their right.

It ought to be presumed that on the trial of the original cause every fact was proved that was necessary to entitle the plaintiffs therein to a judgment; but whether so or not is unimportant, for the inquiry now is whether appellant shows such facts as entitle him to have the case re-opened. The rule in such cases is "that such relief will not be granted unless the party seeking it can show that he was prevented from making a valid defense to the action in which the judgment has been rendered against him by fraud, accident, or the act of the opposite party, unmixed with fault or negligence on his part. He must be able to impeach the justice and equity of the verdict of which he complains, and to show also that there is good ground to suppose that a different result would be attained by a new trial." Plummer v. Power, 29 Texas, 15; Vardeman v. Edwards, 21 Texas, 740.

The court on the trial of this cause, among other things, found: "That the fact that the judgment of December 14, 1882, in cause No. 132, W. E. Roberts et al. v. H. W. Merrill, was rendered upon an ex parte trial, was the result of negligence on the part of the attorney of said Merrill, for which the said Merrill must be held responsible, and that therefore the said Merrill is not entitled to have the said judgment set aside, notwithstanding he may have had a good defense to said suit; that it does not appear sufficiently clear that the said H. W. Merrill sustained such injustice by the rendition of said judgment as would entitle him to have the same set aside."

If either of these findings be supported by the evidence, appellant is not entitled to the relief which he seeks.

The evidence shows that appellant employed counsel resident at the time the action was brought in the county in which it was instituted and conducted to final judgment, but that before the trial was had he had removed to Austin, and of this fact appellant was advised.

Merrill had no other counsel of his own employment, but his counsel had associated other counsel with himself, one or more of whom were resident of the county.

The term at which the cause was tried began on December 4, 1882, and before the court convened counsel for appellant was advised that the plaintiffs would insist upon a trial at that term, for which both parties seem to have been fully prepared.

The cause was regularly called for trial on the first day of the term, when plaintiffs announced ready for trial, but upon suggestion that counsel associated with employed counsel was not well the cause was passed until the next day, with consent of court that it should not lose its place on the docket.

On the second or third day of the term the case was again called and

plaintiffs announced ready for trial, but counsel associated with the employed counsel asked that the case be again passed, to which counsel for plaintiffs consented, with the express understanding that the cause should be tried during the term, the court announcing that the cause would be tried during the term unless legal grounds for continuance were shown.

On Friday or Saturday of the first week of the court the cause was again called for trial and plaintiffs again announced ready, when an attorney, other than the one employed counsel had associated with himself, appeared with a motion for a continuance, saying, however, that he appeared for such associated counsel, who at that time was in prison under an indictment for murder presented against him during that term.

The attorney who presented the motion, however, stated that he would not urge the application, which seems to have been one addressed to the discretion of the court, if counsel for plaintiffs would consent to pass the case until the latter part of the term. This was agreed to, and the case was not again called until December 14, when it was called for final disposition. As had been before done, all the attorneys who had appeared in the case for defendant were again called, and none of them appearing the cause proceeded to trial in regular order, and resulted in the judgment now complained of.

All the evidence for defendant seems to have been in writing and then on file, and while not offering it themselves, counsel for plaintiffs called the court's attention to that fact and expressed a willingness that the court should consider that evidence in deciding the case. Whether the court did this does not appear. It is shown that there was ample time after the cause was called for trail the second time for associated counsel to have corresponded with employed counsel by mail, and for him to have gone from Austin to place of trial before the case was last called for trial.

It is further shown that communication by telegraph was open and that ample time elapsed for communication not only with employed counsel but with the defendant himself. It further appears that counsel representing the plaintiffs were unaware at the time of the trial that still another firm, whose names were signed to pleadings for defendant, were not those of counsel in the case. This statement certainly relieves appellees and their counsel from even suspicion of any unfair conduct.

Do the facts show that appellant's failure to have representation by counsel resulted from a cause unavoidable—that there was neither fault nor negligence on the part of himself and counsel in this respect? If not he is not entitled to the relief he asks; and in considering this question, fault or negligence of his counsel must be given the same effect as though it were his own personal fault or negligence.

Appellant states that he employed no counsel other than the one who removed from Henrietta to Austin more than a year before the cause was

tried, and of this fact he had knowledge, but refused to employ other counsel who had been acting in the case.

Employed counsel testified that "C. M. Burges was the only counsel associated with me in the case in December, 1882. His connection with it began soon after my employment. He was engaged in the case by myself. * * * I was in the city of Austin during the session of the District Court of Clay County in December, 1882. Some member of my family was ill at the time. Mr. Burges had tried the case with me once before, and I was satisfied that he was sufficiently conversant with it and able to try it as well without as with me. I had kept up regularly my correspondence with him in regard to it, and expected him to try it, as he, according to his letters asking directions showed, expected to try it. Burges and I, according to my understanding, were the only attorneys for Merrill in December, 1882. There was one trial of the case prior to December, 1882. * * * Major Merrill knew that I lived in Austin in 1882, and corresponded with me at this place. He as well expected me to be present at the retrial of the case, as I would have been but for the reason assigned above. * * * I learned through the public prints of the arrest of Burges for the killing of Donley and his release on bail. I received several letters from Burges after his release, and in but one did he allude to the trouble he was in, and that to solicit my professional aid in the event I should deem it necessary to attend the trial of the Roberts-Merrill case and an indictment should be presented against him. * * * As a matter of fact the general health of two at least of my father's family before, at, and after that time was such that any indisposition was of such character as to raise grave apprehensions, and such that I would not leave them in their sickness if I could possibly avoid it; and I had reason to and did believe that Burges could and would represent the defense quite as well in my absence."

Affidavit of counsel employed, as well as the affidavit of Burges attached to the first application to reopen the case, show that it was not expected, as between themselves, that counsel employed by Merrill would be present on the trial, but did expect that it would be tried by Burges, and there is no doubt that Merrill expected the former would be present.

This evidence does not show the exercise of such diligence on the part of Merrill and his employed attorney as was required of them. Merrill did not rely on Burges, and the employed attorney had no right to, but should have been present and shows no sufficient reason why he was not.

Burges was imprisoned on December 6, and made application to the district judge for writ of habeas corpus on the 12th, when the judge declined to act on it because of his relation to the feud out of which the killing of Donley resulted, and it is urged that this furnishes a sufficient reason why Burges did not represent Merrill on the trial.

We are of opinion if that was admitted, which is not, that the absence of Burges would furnish no excuse to appellant.

The first finding of the court below before referred to, being supported by the evidence, is conclusive of the right of the parties, and it becomes unnecessary to determine the effect which should be given to the first judgment on application to reopen the case, to the long delay in filing the petition in this, or to the prosecution of a writ of error concurrently with this proceeding.    Nor does it become necessary to inquire whether possibly a result different to that reached on the first trial could be reached under all the evidence now offered.

There is no error in the judgment and it will be affirmed.

*Affirmed.*

Delivered June 20, 1890.