KATE S. WHITE V. E. F. HOLMES ET AL.

Decided June 2, 1910.

**1.—New Trial After Term—Pleading.**

  ˙ To entitle a party to maintain a suit for a new trial of a cause determined at a previous term of the court, it must be made to appear that the failure of the party to apply for a new trial at the term of the court at which the judgment to be set aside was rendered, was not caused or contributed to by any negligence on his part, and that he has a meritorious case, and will suffer irreparable injury unless a new trial is granted.

**2.—Same—Negligence.**

  A petition in the nature of a bill of review for a new trial after the term had expired, considered, and held subject to general demurrer on the ground that it wholly failed to relieve petitioner of the imputation of negligence in not having her motion for new trial acted on during the term at which the judgment was rendered.

**3.—Same—Newly Discovered Evidence.**

  An application for new trial filed after the expiration of the term, on the ground of newly discovered evidence, must show that proper diligence was used to obtain the evidence on the former trial, and the affidavits of the new witnesses as to their promised testimony should accompany the application.

Error from the District Court of Newton County. Tried below before Hon. W. B. Powell.

*W. W. Blake, A. L. Davis* and *Lanier & Martin,* for plaintiff in error.

*Geo. E. Holland* and *V. H. Stark,* for defendants in error.

PLEASANTS, CHIEF JUSTICE.—In a proceeding brought by plaintiff in error to probate the will of William Smith, deceased, a verdict and judgment was rendered in the District Court of Newton County on the 14th day of March, 1908, in favor of defendants in error, who were contestants of said application to probate. No motion for new trial was filed by plaintiff during the term of the court at which said judgment was rendered. After the adjournment of the court and before the commencement of the next term plaintiff filed a "petition for new trial and bill of review." This petition contains a copy of the original application for the probate of the alleged will, realleges the execution of the will by the deceased, and sets out in detail the previous proceedings had in the cause including the rendition of the judgement of March 14, 1908. The excuse offered by plaintiff for her failure to file a motion for new trial before the adjournment of the term at which the judgment was rendered is thus stated in the petition:

"That said verdict of said jury was rendered March 14, 1908; that the term of the District Court at which said verdict and judgment was rendered could have continued in session under the law during the entire following week, up to and including Saturday thereof; that for some cause unknown to petitioner all of the said causes not disposed of by Thursday at noon of said following week by concerted action of counsel or the attorneys in said causes, all of which were represented by attorneys opposing petitioner in her application to probate said will, continued all of said causes with the court's consent and without notice to petitioner or her attorneys for the term, and the said District Court then adjourned for the term at or about noon on Thursday the 19th of March, 1908, without hearing petitioner's motion for a new trial or giving her attorneys an opportunity to do so in said cause and without said motion having reached the clerk of the District Court previous to such time of adjournment, all of petitioner's attorneys being absent, either at Orange in Orange County, Texas, or Beaumont in Jefferson County, Texas, or at Jasper in Jasper County, Texas, except E. A. Cheatham, who was present in the town of Newton when said court adjourned for the term, but, as alleged, was only specially employed by petitioner to assist in the selection of the jury and make an argument to them in behalf of petitioner and for that purpose only.

"Petitioner further alleges that said motion, which is attached hereto and marked Exhibit 'A,' and made a part hereof, was in an envelope properly stamped and addressed to the clerk of the Newton County District Court, Newton, Texas, with the request that he file same in said cause, and reached the town of Newton, same being the county site of Newton County, Texas, in the United States mail, about 4 p. m., March 19, 1908, but was not taken from the postoffice by the said clerk until the following day, the said court having adjourned about noon the preceding day, and was not filed before adjournment of the court for the reason on that day there was, as she believes and so alleges, an understanding between petitioner's attorneys and the attorneys for the contestants of the probate of said will, that said motion for a new trial should and could be filed as within the two

days after the said verdict, and acted on by the court at the same term at which said cause was tried as if filed within two days after the verdict, and the same would have been presented and acted on by the court except for the sudden and unexpected adjournment thereof and greatly to the surprise of petitioner and her attorneys, each of whom was a nonresident of Newton County, Texas, even E. A. Cheatham, who was formerly one of her attorneys, but who was employed only to assist with the selection of a jury and make an argument to them and not otherwise."

It is further alleged in substance that the will offered for probate and in which plaintiff is sole devisee, is the genuine will of William Smith, deceased; that the verdict and judgment sought to be set aside was against the preponderance of evidence, and that since said trial plaintiff has discovered new evidence which she believes will change the result if another trial is granted. In support of this allegation the names and residences of five or six witnesses are stated by whom plaintiff says she can prove that William Smith was of sound mind at the date of the execution of said will and that the will is in said Smith's handwriting. The affidavit of only one of these witnesses accompanies the petition. The only excuse given for the failure to discover and produce this evidence on the former trial is the sickness of plaintiff and her husband at the time of the trial and their consequent inability to attend the trial, or to render any "assistance in the cause whatever, or inform her attorneys of sources of procuring additional and important evidence in her behalf, and to rebut that introduced by contestants."

The other grounds upon which a new trial is asked are the alleged insufficiency of the notice of the application for the probate of the will and the admission on the trial of incompetent evidence offered by defendants.

The trial court sustained a general demurrer and special exceptions interposed by defendants to this petition, and the plaintiff declining to amend, her suit was dismissed.

Plaintiff in error presents in her brief only two assignments of error. The first complains of the ruling of the trial court sustaining defendants' general demurrer, and the second assails the ruling sustaining defendants' several special exceptions to the petition.

The trial court did not err in sustaining the general demurrer. To entitle a party to maintain a suit for new trial of a cause determined at a previous term of the court, it must appear that the failure of the plaintiff to apply for a new trial at the term of court at which the judgment sought to be set aside was rendered, was not caused or contributed to by any negligence on his part, and that the plaintiff has a meritorious case, and will suffer irreparable injury unless a new trial is granted.

In the case of Overton v. Blum, 50 Texas, 423, Justice Moore, in discussing the grounds upon which a new trial may be granted after the adjournment of the term, says:

"It is not sufficient that a mistake or accident may have occurred in the course of the proceeding, but it must also be shown that there is merit in applicant's case and but for the interposition of the court

he must sustain irreparable injury to which he has in no material manner contributed."

The allegations of the petition above set out wholly fail to relieve plaintiff of the charge of negligence in not having her application for new trial presented and acted upon at the term of court at which the judgment was rendered, and for this reason she is not entitled to any relief in equity. Overton v. Blum, *supra;* Johnson v. Templeton, 60 Texas, 238; Harris v. Musgrave, 72 Texas, 18; Merrill v. Roberts, 78 Texas, 28; Luther v. Western Union Tel. Co., 25 Texas Civ. App., 31 (60 S. W., 1026).

In addition to this, the petition is fatally defective as an application for new trial on the ground of newly discovered evidence, because it fails to show that any diligence was used to obtain said evidence on the former trial, and because the affidavits of the witnesses named in the petition are not presented therewith, and no excuse is given for plaintiff's failure to procure same. Anderson v. Sutherland, 59 Texas, 409.

The general demurrer having been properly sustained it is unnecessary for us to discuss the question as to whether the court erred in sustaining any of the special exceptions.

The judgment of the court below should be affirmed and it has been so ordered.

*Affirmed.*

Writ of error refused.