ROGERS v. DICKSON. (No. 8138.)

(Court of Civil Appeals of Texas. Ft. Worth. March 27, 1915. Rehearing Denied May 1, 1915.)

1. JUDGMENT ⬤≫345—VACATING OR SETTING ASIDE—VACATING AFTER TERM.

In an action in which defendant by cross-petition sought to have land partitioned, plaintiff's objections to the commissioners' report for alleged inclusion of land not owned in common, were overruled, and the report was confirmed by an order vesting title in each party to whom a share had been allotted to such share. After the overruling of a motion for a new trial, plaintiff filed an amended objection, asking that the judgment be set aside and a new trial granted. The court denied the motion as a motion for a new trial, but adjudged that the order of confirmation be set aside, and that the question of confirmation be continued until the next term. At a subsequent term the issue as to the title was tried and determined in plaintiff's favor. *Held*, that the judgment confirming the commissioners' report definitely adjudicated the rights of the parties in the land irrespective of the partition proceeding, and was a "final judgment," and hence the court erred in undertaking to hear the cause at a subsequent term, and in rendering a judgment in conflict with the prior judgment rendered (quoting Words and Phrases, Final Judgment).

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 674–676; Dec. Dig. ⬤≫345.]

2. JUDGMENT ⬤≫335.—NEW TRIAL ⬤≫117— VACATING OR SETTING ASIDE — VACATING AFTER TERM.

While judgments may be modified, amended, reformed or even, in effect, set aside after the term of their rendition, if good cause be shown, such relief can only be granted in the exercise of the equity powers of the court in a separate suit in the nature of a bill of review; there being no statutory authority for granting a new trial after term time.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 647–663; Dec. Dig. ⬤≫335; New Trial, Cent. Dig. §§ 238–241; Dec. Dig. ⬤≫ 117.]

3. JUDGMENT ⬤≫335—VACATING OR SETTING ASIDE—VACATING AFTER TERM.

Such relief can only be granted upon a satisfactory showing that the party complaining of the judgment rendered has been injured, and that such judgment was rendered against him by fraud, accident, or mistake, or the act of the opposite party, unmixed with any fraud or negligence on his part.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 647–663; Dec. Dig. ⬤≫335.]

4. NEW TRIAL ⬤≫155 — MOTION FOR NEW TRIAL—FAILURE TO CONSIDER DURING TERM.

A motion for a new trial, not acted upon during the term at which judgment is rendered, is by operation of law overruled by the expiration of such term, as the court cannot postpone action upon such motion beyond the term.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 315; Dec. Dig. ⬤≫155.]

Buck, J., dissenting.

Error from District Court, Nolan County; W. W. Beall, Judge.

Action by J. F. Dickson against Mrs. Ida E. Rogers, executrix. To review a judgment unfavorable to her, defendant brings error. Reversed and remanded, with instructions.

R. C. Crane and H. R. Bondies, both of Sweetwater, and Joe W. Burney, of Arlington, for plaintiff in error. C. E. Farmer, of Ft. Worth, for defendant in error.

BUCK, J. [1] Suit was filed in the district court of Nolan county September 13, 1912, by J. F. Dickson against his sister Mrs. Ida E. Rogers, as independent executrix of the estate of their mother, Mrs. Annie Dickson, for debt, alleged to be due him for certain work and labor done and material furnished to the community estate of his father and mother, and for money, medicine, doctors' bills, etc., claimed to be due him from the separate estate of his mother. Defendant filed an answer, generally and specially excepting to plaintiff's petition, and denying and answering the allegations therein contained, and also a cross-action, alleging that defendant and plaintiff were the only children and heirs of their deceased parents, and

⬤≫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

praying for a partition of the estate. On April 2, 1913, the court sustained the defendant's general demurrer and special exceptions to plaintiff's petition, and, the plaintiff declining to amend, his suit was dismissed, and judgment rendered for defendant on her cross-plea, decreeing a partition of certain lots in the town of Sweetwater and the E. ½ of the S. E. ¼ of section 19, block 21, Texas & Pacific Railway Company survey in Fisher county. Commissioners were appointed to divide the land, and judgment given defendant for a one-half undivided interest in and to said lands. On April 18, 1913, the commissioners theretofore appointed made their report. On April 25th plaintiff filed his exceptions to said report, and objections to the division of the 80 acres in Fisher county, and alleged that the 30 acres out of said 80 acres apportioned by the commissioners had belonged to said plaintiff for several years prior to said report, as evidenced by a deed of conveyance, and that said report did not in fact award and partition to plaintiff any part of the lands belonging to the community estate of his deceased parents, and he prayed that said partition and division be set aside, which motion and exception was by the court overruled, and said report of the commissioners was confirmed, and this order decreed that:

"The title shall be and is hereby vested in each party to whom a share has been allotted to such share or portion of said property as set apart to said parties respectively by said commissioners in said report as against the other party to this suit," etc.

Later, date not given in transcript, plaintiff's motion for new trial was overruled. April 30th plaintiff filed what he termed an "amended exception and objection" to the division and apportionment of the property made by the commissioners, and asked that the judgment theretofore rendered be set aside, and he be granted a new trial. He attached to this motion certified copies of two deeds, one from G. W. Dickson, his father, to him, conveying the entire 80-acre tract in Fisher county, dated October 14, 1897, and the other from plaintiff and his wife to G. W. Dickson, conveying the south 50 acres out of the 80-tract, and dated June 8, 1898. The consideration mentioned in the first deed was $150, and in the second, "$500 to us in hand paid by G. W. Dickson and other considerations." In this protest and motion of April 30, 1913, plaintiff assigned as his reason for not filing said protest and motion sooner that:

"He had to go to Roby [the county seat of Fisher county] to procure the certified copy of the deed to show that the property sought to be apportioned to him was in fact his property."

May 3, 1913, the last day of the spring term, the court entered the following order:

"On this day came on to be heard the plaintiff's amended motion for new trial and amended objections to the confirmation of the report of the commissioners of partition; and the court, having heard the same and the argument of counsel thereon, is of opinion that the same as a motion for new trial should be in all things overruled and held for naught, but that the same should be sustained as regards the order heretofore entered in this cause, at this term confirming the report of said commissioners, and it is here now adjudged that said order of confirmation be set aside, and the question of whether said report shall be confirmed is here continued until the next term of this court to which ruling of the court overruling the motion for new trial plaintiff excepted in open court, and to that ruling of the court setting aside the order of confirmation, the defendant in open court excepted."

On November 28, 1913, the court continued the hearing by order reading as follows:

"On this day the above styled cause, pending on the question of confirming report of commissioners in partition, was continued, at the cost and as on the application of the plaintiff, until next term of this court."

March 21, 1914, defendant filed her "supplemental answer," in which it was urged that the question of title to the 30 acres of said tract sought to be raised by said pleading was res judicata, that question having been determined by the final judgment rendered April 2, 1913, and that one term had intervened since the rendition of said judgment. Defendant pleaded that if plaintiff had any title to any part of the land involved in the partition, it was obtained by way of an advancement, and that such title as he might have had was waived, and that said 30 acres was put into hotchpotch by the plaintiff by his failure to assert such rights as he claimed at and before the trial, resulting in the judgment of April 2, 1913. The court overruled defendant's general demurrer and special exceptions, by order of March 23, 1914, and upon trial upon the one issue as to the title to the 30 acres gave a peremptory instruction to the jury to find for plaintiff. No statement of facts appears in the record. By its judgment of March 28, 1914, based upon the verdict of March 23d, the court decreed that the title to said 30 acres was in plaintiff prior to said judgment of April 2, 1913, and said 30 acres was not subject to partition. Under this last-named judgment, commissioners were appointed to partition the remainder of the property. Their report, made in accordance with the terms of said judgment, was confirmed, and defendant's motion for new trial overruled. Defendant appeals.

[2, 3] The only question presented for our consideration is as to the finality of the judgment of April 2, 1913. If it was a final judgment, then this cause should be reversed; if it was not a final judgment, the judgment of the trial court of March 28, 1914, should be affirmed. It is true judgments may be modified, amended, reformed, or even, in effect, set aside after the term of their rendition, if good cause be shown and a separate suit be brought for the relief sought, which is in the nature of a bill of review. Johnson v. Templeton, 60 Tex. 238; Overton v. Leon & Blum, 50 Tex. 417; Merrill v. Rob-

erts, 78 Tex. 28, 14 S. W. 254; article 2019, Vernon's Sayles' Tex. Civ. Stat. 1914, vol. 2, cases cited on page 1638 thereof. There is no statutory authority for granting a new trial after term time, and such relief can only be granted in the exercise of the equity powers of the court, upon a satisfactory showing that the party complaining of the judgment rendered has been injured, and that such judgment was rendered against him by fraud, accident, or mistake, or the act of the opposite party, unmixed with any fault or negligence on his part. Merrill v. Roberts, supra; Robbie v. Upson, 153 S. W. 406. By the judgment of April 2, 1913, the rights of title of the contestants to a one-half undivided interest in the lands described were definitely adjudicated. Nothing remained to be done to determine these rights, and they were permanently fixed, irrespective of whether or not the ancillary proceeding of partition should be had or not. Therefore we think this was a final judgment as to the rights of the parties. White v. Mitchell, 60 Tex. 164.

"A final judgment is such a judgment as at once puts an end to the action by declaring that the plaintiff has or has not entitled himself to recover the remedy for which he sues." Black on Judgments, vol. 1–26.

"A judgment against a receiver which disposes of all the parties and issues involved, and provides for its execution, is a 'final judgment,' which cannot be vacated at a subsequent term by motion or plea in intervention, though the suit in which it is rendered is retained upon the docket for the purpose of carrying the judgment into effect and winding up the receivership." Words and Phrases, vol. 2, 540, citing Malone v. Johnson, 45 Tex. Civ. App. 604.

[4] Even if the trial court had not acted upon the motion for new trial during the term in which the judgment was rendered, it was by operation of law overruled by the expiration of said term. The court cannot postpone action upon such motion beyond the term of the judgment. McKean v. Ziller, 9 Tex. 57; Clements v. Buckner, 35 Tex. Civ. App. 497, 80 S. W. 235.

Since the judgment of April 2, 1913, was final, and since plaintiff in the court below did not avail himself of the equitable remedy of a motion for rehearing in the nature of a bill of review after term time, to which, under proper circumstances, he might have shown himself entitled, though we are not passing upon the question as to whether or not in this case, and upon the record before us, he could have shown himself entitled to that equitable relief, we hold that the trial court erred in undertaking to hear this cause at a subsequent term, and in rendering a judgment in conflict with the prior judgment rendered. Hence we hold that the court erred in overruling defendant's plea of res judicata, and the judgment of March 28, 1914, is reversed, and this cause remanded, with instructions to the trial court to enforce its judgment of April 2, 1913, in accordance with the terms thereof, and in accordance with the judgment of this court herein rendered.

Reversed and remanded, with instructions.

## On Motion for Rehearing.

The defendant in error in this motion for rehearing calls our attention to an inaccuracy in our original opinion in stating the date of the deed from J. F. Dickson and wife to his father, G. W. Dickson, reconveying the 50 acres. The date should be August 30, 1906, instead of June 8, 1898, the latter date being the date of the acknowledgment to the deed from G. W. Dickson to J. F. Dickson. We consider this date immaterial, so far as the issues involved were concerned, and make the correction in the interests of abstract accuracy, and to relieve the mind of counsel for defendant in error. To the same end it may be said that the property subject to be partitioned was the separate property of the deceased mother of the plaintiff and defendant, and the records fail to disclose whether at the time of the trial the father was living or dead, and that the cause reached this court by writ of error, and not by direct appeal.

The motion for rehearing is overruled.

BUCK, J. (dissenting). Upon the original consideration of this cause, the writer felt considerable doubt as to the correctness of the conclusions reached, as expressed in such original opinion and felt inclined to embody in a dissent his individual views, but did not do so, deciding to reserve such expressions until a motion for rehearing came on to be heard, in order that he might give the matter more matured thought, and in the hope that either the doubts in his mind might be removed, or the views of his Brethren might be changed. But neither has the one nor the other taken place. Hence, at this time, the writer enters his dissent to the overruling of the motion for a rehearing, and to the action of the majority in adhering to this court's former judgment, and he will briefly state his reasons therefore:

I cannot agree fully with the majority of the court, whose views are expressed in the majority opinion by the writer. While the trial court did in so many words state in its order and judgment of May 3, 1913, that plaintiff's "amended motion for new trial and amended objections to the confirmation of the report of the commissioners of partition" was overruled "as a motion for new trial," yet according to the writer's view of the matter, in setting aside the order of confirmation of the commissioners, its action must be construed, and the effect of such action must be extended so as to include what was in fact the evident purpose and intention of the court. The only objection urged by plaintiff to the confirmation of said commissioners' report was that the title to 30 acres out of the 80-acre tract was already

vested in plaintiff by virtue of a deed of conveyance made to him by his father in 1897, and that therefore this 30 acres was not subject to partition. Attached to his amended motion and protest of April 30, 1913, were certified copies of the two deeds by virtue of which he claimed exclusive title to the 30 acres, and to which he had referred in his exceptions filed April 25. It was the last day of the term, and the court evidently concluded that there was not sufficient time to try this issue, and sought to leave the matter open until a subsequent term. If it should be established by a further hearing at a subsequent term that this 30 acres did not belong to the estate to be partitioned, then it would be excluded from the partition; if it should be determined that it was subject to partition, then the judgment of April 2, 1913, would stand. It is unfortunate that the wording of the order and judgment is as it is, but must the hands of the court be fettered by reasons of this language so as to prevent its doing equity? It is evident to the writer, in spite of the language of the order, that it was in the mind of the court to leave undetermined the question of whether or not this 30-acre tract should be included in the partition. Therefore there was a matter undisposed of which was material to the sufficiency of the judgment. Hence, whether we deem said judgment of April 2d interlocutory in its nature and scope, as claimed by defendant in error, or that it was in effect set aside by the action of the court in retaining control of and referring to a further hearing the material issue above mentioned, the writer is of the opinion that the judgment of March 28, 1914, should be given full force and effect, and that such judgment should be affirmed. He holds that, in spite of the language used in the order purporting to overrule the plaintiff's motion for a new trial, the legal effect of granting his motion for a rehearing, on the confirmation of the report of the commissioners, was to grant a new trial as to all issues involved. He confesses that he is not able to cite any authority directly in point but Long & Berry v. Garnett, 45 Tex. 400, Linn v. Arambould, 55 Tex. 611, and the cases there cited are persuasive. In West v. Bagby, 12 Tex. 34, 62 Am. Dec. 512, Chief Justice Hemphill gives the following definition:

"A final judgment is the award of the judicial consequences which the law attaches to the facts, and determines the subject-matter of controversy between the parties."

Justice Smith tersely defines it in the following words:

"When the whole of the matter in controversy is disposed of as to all the parties, then there is a final judgment, and not before." Linn v. Arambould, supra.

Or, as expressed in Freeman on Judgments, page 29:

"A final decree is one which disposes of the cause either by sending it out of the court be-fore a hearing is had on the merits, or, after a hearing on the merits, decreeing either in favor of or against the bill. But no order or decree which does not preclude further proceedings in the case below should be considered final."

Measured by either of these definitions, can we say that the judgment of April 2d, construed with the order of May 3d, which expressly reserved for further hearing a matter that went to the very vitals of a part of defendant's right of recovery on her cross-plea, constituted a final judgment? The writer thinks not. The nature, effect, and scope of a judgment ambiguous in its terms must be read in the light of the whole record. Dunlap v. Southerlin, 63 Tex. 38, and cases there cited.

Looking to the whole record, the writer feels that there can be no question but that in granting plaintiff's objection or protest to the report of the commissioners, by which report land claimed by him as his separate property was partitioned, the court intended and did grant a new trial in so far as the issue of title to this 30-acre tract was concerned, and that by so doing it in legal effect granted a new trial as to all issues involved in the suit for partition.

The writer believes that the judgment of the trial court from which this appeal is taken should be affirmed.