PAGGI v. ROSE MFG. CO. et al.    (No. 7575.)

(Court of Civil Appeals of Texas.    San Antonio.    May 19, 1926.    Rehearing Denied June 12, 1926.)

1. Appeal and error ⟨⟩⟨⟩1195(1).

Opinion and judgment of Appellate Court which remanded case is binding on trial court in subsequent trial.

2. Partnership ⟨⟩⟨⟩49—Witnesses ⟨⟩⟨⟩414(1)—
Where question whether person was member of partnership was contested, agreement as to testimony of secretary of partnership's creditor that such person was partner held to make mercantile report tending to show that fact admissible to establish partnership and corroborate such testimony.

Where question whether person was member of partnership was contested, agreement as to testimony of secretary of partnership's creditor that such person was partner *held* to make mercantile report tending to show that fact admissible to assist in establishing partnership and to corroborate such testimony.

3. Bankruptcy ⟨⟩⟨⟩42, 69.

Bankruptcy of individual partner will not affect administration of partnership affairs if it is solvent, in view of Bankruptcy Act, § 5 (U. S. Comp. St. § 9589).

4. Bankruptcy ⟨⟩⟨⟩354.

Individual estate of voluntary bankrupt who was member of partnership is first applied to individual debts and excess to partnership.

5. Bankruptcy ⟨⟩⟨⟩391(1) — Creditor who filed suit against partnership prior to filing petition in bankruptcy by partner held entitled to prosecute suit to judgment until stayed by trustee in bankruptcy.

Creditor who filed suit against partnership prior to filing of voluntary petition in bankruptcy by one partner *held* entitled to prosecute suit to judgment until stayed by trustee in bankruptcy.

6. Evidence ⟨⟩⟨⟩207(1).

Creditor, by taking judgment against partnership in which one member was bankrupt, or filing claim against such partner, *held* not to admit anything affecting constituent members of such partnership.

7. Bankruptcy ⟨⟩⟨⟩404(1).

Under Bankruptcy Act debtor may obtain discharge without consent of others jointly liable.

8. Bankruptcy ⟨⟩⟨⟩363.

Partnership creditors had right to exhaust assets of partner who was voluntary bankrupt and look to partnership assets and individual assets of other partner for balance under Bankruptcy Act.

9. Judgment ⟨⟩⟨⟩143(2),

Default judgment will not be set aside unless complaining party had good excuse for not answering or making defense at trial, and has meritorious defense.

Error from Dallas County Court, at Law; W. N. Coombes, Judge.

Suit by Charles Paggi and another against the Rose Manufacturing Company and another. Judgment for defendants, and the named plaintiff brings error.    Affirmed.

Edwin M. Fulton, of Pilot Point, and J. L. Zumwalt, of Dallas, for plaintiff in error.

Leake, Henry, Wozencraft & Frank, of Dallas, for defendants in error.

COBBS, J.    This suit was to set aside a judgment by default filed by plaintiff in error against defendants in error, and to enjoin the execution of a judgment issued thereupon.

This case was tried heretofore and appealed to the Court of Appeals, Fifth District, sitting at Dallas, entitled Paggi v. Rose Mfg. Co., 259 S. W. 962, in which there was also a dissenting opinion filed. The opinions are very elaborate, and set out fully the pleadings filed, and practically dispose of all the questions of law raised here.

As the opinions in the cited case are so full, we will content ourselves by referring to them without a restatement.

This case was tried without a jury. It presents precisely the same questions of fact and law that were before the Court of Appeals on the previous record, because the petition stated the facts fully in the pleading and the demurrer that the court passed upon was an admission of the facts pleaded; and where there was any oral proof submitted, that was not mentioned in the pleading, that will be set forth herein as we discuss the case.

[1] The opinion and judgment of the appellate court was binding upon the trial court, of course, and it should have followed it and been guided thereby.

Paggi and Ledell were sued upon a note signed by the Ledell Dry Goods Company upon the allegation that Paggi was a member of the firm. The partnership was denied under oath, and denied on the trial by plaintiff in error, but the defendant in error undertook to establish it by a report made by some unknown person of the partnership members, but no proof was admitted that Paggi authorized or knew of the report. There were two mercantile reports introduced to contradict the testimony of Ledell, who denied that plaintiff in error was a partner. Paggi's testimony is full in denial of the partnership.

Defendant in error insists that A. G. Cooper, a witness, established the partnership members, but his testimony is nowhere set out in the brief. By referring to the statement of facts, which seems to be an agreed one, the pleadings were to be read as evidence.

"It was agreed that the statement of facts contained in the plaintiff's original petition and

the defendant's original answer should be considered as evidence as though the facts therein stated had been testified to by a witness or witnesses, and thereupon said petition and answer were read as evidence before the court."

All the facts given in evidence were as follows:

"The plaintiff, Chas. Paggi, testified by deposition as follows: My name is Charles Paggi. I reside in Beaumont, Jefferson county, Tex. I am engaged in the oil business, farming, and own stocks, bonds, and securities in other interests. On or about January 13, 1921, I was engaged in the same business. During the whole of the year 1921 I was engaged in the same business. I am acquainted with Mr. Theo. Ledell. I have known him about 27 years. Mr. Ledell is a personal friend and creditor of mine. No partnership has ever existed at any time between Mr. Ledell and myself, and I have had no partnership dealings with him whatever. Mr. Ledell was never authorized, directly or indirectly by me at any time to hold me out as a partner to the public, to the Rose Manufacturing Company or their agents, or to anybody. Mr. Ledell was a creditor of mine before 1921, during the year 1921, and is still a creditor of mine. On or about the 13th day of January, 1921, Mr. Ledell owed me about $7,200, and since that time I have loaned him about $5,000. Mr. Ledell was never authorized by me to sign my name to any note or notes or any contract he might enter into or any obligation he might undertake. I am not acquainted and have never been acquainted with the Rose Manufacturing Company or any of its agents. No; I have never bought any goods, wares, or merchandise from the Rose Manufacturing Company or any of its agents at any time. I have never signed any note or notes in favor of the Rose Manufacturing Company. Mr. Ledell was a creditor of mine. There never existed any partnership between Mr. Ledell and myself."

[2] The only evidence of Cooper referred to in the statement of facts is:

"These defendants further deny the truth of the said allegation in the paragraph above that the said alleged mercantile reports were the only evidence introduced to prove that the said Paggi was a partner of the said Ledell, but said defendants proved same by the oral testimony of one A. G. Cooper, secretary and general bookkeeper of the said Rose Manufacturing Company, who has long been familiar with the said partnership and has negotiated a large number of transactions for the said Rose Manufacturing Company with the said Ledell Dry Goods Company."

As to whether plaintiff in error furnished the report or financial statement in question has not been satisfactorily proven. The agreement in respect to Cooper's testimony, however, clearly makes the report admissible, both as a circumstance to assist in establishing the partnership itself and in corroboration of the testimony of Cooper. Caraway v. Citizens' National Bank of Weatherford (Tex. Civ. App.) 29 S. W. 506.

Passing upon plaintiff in error's third proposition in respect to the bankrupt, Ledell alleged the filing of his voluntary petition in bankruptcy, alleging that he was the sole owner of the Ledell Dry Goods Company, and offering a composition of 21 per cent., and that the Rose Manufacturing Company was listed as an unsecured creditor, and alleging the composition being accepted by the creditors and approved by the court, and that he was discharged by the bankrupt court. The court entered the judgment enjoining the enforcement of the judgment against Theo. Ledell.

[3] The Bankrupt Act of 1898, among other things, provides:

"In the event of one or more but not all of the members of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by consent of the partner or partners not adjudged bankrupt." U. S. Comp. St. § 9589.

Thus it will be seen that partnerships are not always affected by the misfortune of one of its individual members and will not affect its administration of partnership affairs, provided it is solvent and able to pay its debts. There are remedies provided to individual creditors by which they may realize on the insolvent members instead of the partnership.

[4] When a bankrupt files a voluntary petition in bankruptcy, his individual estate is first applied to his individual debts and the excess to the partnership, so that a means is provided for administering both individual and firm estates. Hence it is not necessary to engulf the partnership and members of the firm in the individual administration. The record shows the judgment was taken some twelve days prior to the composition meeting so that no creditor was in any respect committed until the meeting had been held and a vote of the creditors taken upon the composition.

[5] The record discloses that the original suit of Rose Manufacturing Company v. Ledell Dry Goods Company was filed prior to the filing of the voluntary petition by Ledell, and Rose Manufacturing Company were in their right to prosecute to judgment until stayed by the trustee in bankruptcy, in event Rose Manufacturing Company was seeking to impound and sell assets properly belonging to the trustee.

[6] The taking of judgment in no way committed the Rose Manufacturing Company or the filing of its claim in bankruptcy admitted anything on its part affecting the constituent members of the firm of Ledell Dry Goods Company.

[7, 8] At the time Ledell filed the petition in bankruptcy, the partnership itself had been dissolved, and Ledell himself was seeking a discharge from his individual debts as well as from the partnership debts. Under the Bankrupt Law the debtor may obtain his

discharge without consent of others jointly liable. Ledell's bankruptcy was voluntary, and hence the firm creditors had the right to exhaust Ledell's assets and then look to the partnership assets and Paggi's individual assets for the balance, which is in strict accord with the Bankrupt Acts.

[9] On the question raised by plaintiff in error on the setting aside of the default judgment, two things must exist, as said in Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195:

"That the defendant has a good excuse for not answering or making his defense on the trial; and second, that he has a meritorious defense."

And, as said in Merrill v. Roberts, 78 Tex. 28, 14 S. W. 254:

"Relief will not be granted unless the party seeking it can show that he was prevented from making a valid defense to the action in which the judgment has been rendered against him by fraud, accident, or the act of the opposite party, unmixed with fault or negligence on his part."

We think this case has been fairly tried without error, and that substantial justice has been administered.

All the assignments and propositions are overruled, and the judgment of the trial court is affirmed.