## KAHL v. PORTER.    (No. 1551.)

Court of Civil Appeals of Texas. Beaumont.
May 26, 1927.

**1. Appeal and error ⊜⇒759, 761—Brief without assignments of error or points or propositions will not generally be considered.**

Brief which contains no assignments of error nor any points or propositions upon which appeal is based will, as a general rule, not be considered.

**2. Appeal and error ⊜⇒719(4)—Error in sustaining general demurrer is fundamental, reviewable without assignment of error.**

Error claimed in sustaining general demurrer is fundamental error, which must be considered without assignments of error in appellant's brief.

**3. Judgment ⊜⇒436—In suit to set aside judgment, plaintiff must show that he was prevented from making defense by fraud, accident, or act of opposing party, unmixed with his own fault or negligence.**

In suit to have judgment set aside and case reopened, plaintiff must show that he was prevented from making valid defense to action in which judgment was rendered against him by fraud, accident, or act of opposing party, unmixed with fault or negligence on his own part.

**4. Judgment ⊜⇒407(2)—Litigant must keep in touch with action and attempt to have judgment set aside during term.**

Litigant is obliged to keep in touch with progress of suit and to take steps during term of court at which judgment was rendered to set it aside, if judgment is unsatisfactory.

**5. Judgment ⊜⇒437—Party seeking to set aside judgment held chargeable with alleged negligence of attorney in permitting judgment's entry.**

In suit to set aside judgment rendered against plaintiff after his attorney withdrew from case, plaintiff *held* chargeable with alleged negligence of attorney in permitting entry of judgment.

**6. Judgment ⊜⇒456(2)—Litigant against whom judgment was taken in suit pending over seven years could not have judgment set aside under claim of attorney's neglect, where neither fraud, accident, nor other party's wrongful act was shown.**

Litigant against whom judgment was entered without fraud, accident, or act of adverse party and after suit had been pending for over seven years, *held* not entitled to have judgment set aside on ground that his attorney had allegedly withdrawn without notice and permitted judgment to be taken.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

Suit by Nick Kahl against J. A. Porter. Judgment for defendant, and plaintiff appeals. Affirmed.

M. S. Duffie, of Beaumont, for appellant.
O'Fiel & Reagan, of Beaumont, for appellee.

O'QUINN, J. Appellant brought this suit in the county court at law of Jefferson county to set aside a judgment rendered against him at a previous term of the court for the sum of $550 in favor of appellee. As grounds for setting aside the judgment, he alleged that appellee filed suit against him in said court on May 21, 1918, on a promissory note dated March 15, 1918, for the sum of $500, with 10 per cent. interest, payable 15 days after date; that he was duly served with citation, and employed an attorney to represent him, advising him of his defenses to said note; that his said attorney filed an answer for him (which answer we gather from appellee's brief consisted of a general demurrer and general denial and was not sworn to); that said suit remained pending upon the docket of said court until March 6, 1925, when his said attorney, in open court, without having fully answered in said suit, and without notifying him, withdrew from said cause and allowed judgment to be rendered against him, telling him that the case had been dismissed; that he had no notice of the judgment against him until March 10, 1926, when he filed this suit to set aside said judgment. Appellant further alleged that he never executed any such note as the one described in the action against him, and that he was not indebted to appellee in any sum whatever, all of which he alleged he made known to his said attorney, who promised him he would take care of said suit and would notify him when same was set for trial, and that he relied upon said promises, but that his said attorney failed to make proper answer in said suit and allowed judgment to be taken against him. Appellant further alleged that, if he had known that his said attorney had withdrawn from said suit or that he did not intend to attend to said suit, he would have employed another attorney to represent him, but, as he had relied upon the promises and representations of said attorney to attend to said suit for him, his failure to do so and the rendition of the judgment against him was without fault upon his part; that he was ready, willing, and anxious to urge his defense to said suit, and that by reason of the acts of his said attorney he was deprived of his right to appear and make his defense, whereby a fraud was perpetrated upon him without any fault of his. His petition was duly verified.

Appellee answered and demurred to appellant's petition, which demurrer was sustained, and appellant refusing to amend, judgment was rendered against him, from which he has appealed.

[1, 2] At the outset, we are confronted with

an objection by appellee to our considering appellant's brief, for the reason that same contains no assignments of error, nor are there any points or propositions upon which the appeal is based. The objections are well taken, but, as the appeal is from a judgment sustaining a general demurrer and dismissing the case, we will consider the same, because, if the sustaining of the general demurrer was error, it was fundamental and must be considered without an assignment of error.

[3-5] After carefully considering the allegations in appellant's petition, we think the judgment must be sustained. For a plaintiff to prevail in a suit to set aside a judgment and reopen the case, he must show that he was prevented from making a valid defense to the action in which the judgment was rendered against him, by fraud, accident, or the act of the opposing party, unmixed with fault or negligence on his part. Therefore, to entitle appellant to the relief he here seeks, the burden was upon him to show that he was prevented from urging, against the judgment of which he complains, objections which would or ought to have prevented its rendition, and that this prevention resulted from fraud, accident, or the act of the adverse party, without fault or negligence on his part. Harn v. Phelps, 65 Tex. 597. It is not enough to show that injustice has been done, if it has, or that appellant had a good defense which he was prevented from making on the trial. He must further show that he has not been guilty of inattention or negligence; he must show a clear case of diligence on his part. Johnson v. Templeton, 60 Tex. 238; Brownson v. Reynolds, 77 Tex. 254, 13 S. W. 986. The action in which the judgment complained of was rendered was instituted against appellant on May 21, 1918, and was pending on the docket until March 6, 1925, some seven years before judgment was rendered, and appellant says that he did not know of the judgment until March 10, 1926, another year. It was his duty to know what was transpiring during the progress of the suit, and to take steps during the term of the court at which the judgment was rendered to set it aside, if it was unsatisfactory. Harn v. Phelps, 65 Tex. 598. There is no allegation that he was prevented from presenting his defense or from taking any action in the matter by fraud, accident, or the act of his opponent. His sole plea is that of the neglect or misfeasance of his attorney. The judgment complained of recites that it was shown to the court that appellant's attorney had long before withdrawn from the case, which withdrawal was known to appellant in time for the employment of other counsel. It further recites that it was had upon the verdict of a jury. There is no such showing that acquits appellant of neglect of his case, and, too, he is chargeable with the neglect, if any,

of his said attorney. Merrill v. Roberts, 78 Tex. 28, 14 S. W. 254; Woolley v. Sullivan, 92 Tex. 29, 37, 45 S. W. 377, 46 S. W. 629; Bradford v. Malone, 49 Tex. Civ. App. 440, 130 S. W. 1013, 1016; Cato v. Scott (Tex. Civ. App.) 96 S. W. 667.

[6] A litigant cannot stand idly by for more than seven years and permit his case to go against him and then, without fraud, accident, or some wrongful act of the adverse party in the procurement of the judgment, have the judgment against him set aside to give him an opportunity that he once had to make defense to the suit and neglected to use.

The judgment should be affirmed, and it is so ordered.