**KELLER et al. v. KELLER.  (No. 1652.)**

Court of Civil Appeals of Texas. Beaumont. March 1, 1928.

Rehearing Denied March 14, 1928.

Judgment ⬗342(3)—Plaintiff cannot set judgment aside after term, where present in court when judgment was rendered and taking no action.

Plaintiff, present in court when judgment was rendered, but who filed no motion for new trial, nor took any action to avoid it till filing of petition to set it aside after adjournment of term, *held* not entitled to have judgment set aside.

Appeal from District Court, Harris County; Roy F. Campbell, Judge.

Action by Lillian Keller and others against Jim Keller. From the judgment for defendant, plaintiffs appeal. Affirmed.

J. M. Gibson and Fred L. Perkins, both of Houston, for appellants.

Charles Murphy, of Houston, for appellee.

WALKER, J. On the 14th day of May, 1926, appellant Lillian Keller recovered judgment in the district court of Harris county against appellee, Jim Keller, for divorce and partition of their community property. After the adjournment of the term of court at which that judgment was rendered she filed this suit on the 7th day of January, 1927, to set aside that portion of the judgment partitioning the property, denominating her petition "Original Petition for Bill of Review." The case was tried to a jury and on conclusion of the evidence verdict was instructed for appellee. No error was com-

mitted by this instruction. The proof was without controversy that appellant was present in court when the judgment attacked was rendered, that it was on agreement, and that appellant, within two days after the rendition of the judgment, voiced her dissatisfaction therewith, but filed no motion for new trial, nor took any action to avoid it or have it set aside until the filing of her original petition herein. The rule is that, to maintain suit for a new trial of a cause determined at a previous term, it must appear that the failure to apply therefor at that term was not caused or contributed to by the plaintiff's negligence. White v. Holmes, 61 Tex. Civ. App. 438, 129 S. W. 872. As appellant failed to bring herself within this rule, judgment was properly instructed against her. The judgment of the trial court is affirmed.