## HACKER v. HACKER et al.

### No. 10455.

Court of Civil Appeals of Texas. Galveston.

Nov. 24, 1937.

Bernard A. Golding, of Houston, for plaintiff in error.

Elbert Roberts, K. W. Gilmore, W. M. Johnson, Hunt & Hunt, McFarlane & Dillard, King, Wood & Morrow, Lawler, Wood & Childress, Fulbright, Crooker & Freeman, and Vinson, Elkins, Weems & Francis, all of Houston, for defendants in error.

CODY, Justice.

This case was before this court once before, when it was sent back with instructions to the trial court, "to render judgment for appellant [plaintiff-in-error in this proceeding] for his undivided interest in the property, charged with such amount as may be found from the evidence to be due by him." Hacker v. Hacker et al., 4 S.W.2d 218, 221.

At this time plaintiff in error, who was plaintiff in the court below, and appellant on the former appeal, complains of the judgment rendered below on February 17, 1930, which professes to be an agreed judgment. Plaintiff in error. did not take any steps to attack the judgment now complained of, until he filed pleadings assailing it on December 17, 1932, long after ·it had become final. He then complained of it on the ground that it was void, because it did not comply with the instructions given by this court to the trial court, in remanding the cause for a new trial; and further charged that the defendants (inclusive of the Hon. S. O. Lovejoy, an attorney of Houston, whom he employed

to represent him after the cause was remanded, because of a disagreement with his former counsel as to his legal rights) entered into a conspiracy, et id genus omne; and charged further that the judgment rendered February 17, 1930, was not ·agreed to by him, and not authorized by him, but was the fruit of the conspiracy of. defendants.

On the trial, the judgment rendered February 17, 1930, was introduced in evidence, and plaintiff in error was the only witness to testify. He testified that he did not learn of the nature of the professedly agreed judgment until the last of June, 1930, or 1931. His testimony showed that he was present in court with his counsel throughout the trial which culminated in the judgment of February 17, 1930; that he was present in the court room when Judge Wilson, before whom the case was being tried, announced that a settlement of the case had been agreed upon between the parties, and dismissed the jury. He did not complain of the settlement or judgment at that time, filed no motion for new trial or to set the judgment aside, and did not prosecute any appeal or writ of error therefrom. At the conclusion of the evidence in the present case, in which plaintiff in error seeks to set aside the judgment of February 17, 1930, the trial court peremptorily instructed the jury to return a verdict against plaintiff in error and in favor of defendants in error. The able and learned counsel representing plaintiff in error at this time did not represent him in the trial court.

We affirm the action of the trial court. This is no such case as McMillan v: McMillan (Tex.Civ.App.) 72 S.W.2d 611, in which it not only affirmatively appeared that the counsel had no authority to effect a compromise, but further appeared that the party on whose behalf the compromise was made was not in court. There the appellant did not stand by and allow the judgment to become final, but carried it up to the appellate court for review and correction, before the adverse party acquired vested legal rights in virtue of it. A judgment by a court, professing to determine the rights of parties relative to the matters then in litigation before it, can ordinarily be changed only by carrying it to an appellate court by an appeal or by a writ of error. A bill of review is not a mere alternative means, to an appeal or a writ of error, to bring a case before an appellate court for review. It is resorted to, of course, only where a judgment has become final, and the party prevailing has acquired vested legal rights based on such judgment. It is therefore addressed to the equitable powers of the court. In Stewart v. Byrne (Tex.Com. App.) 42 S.W.2d 234, 235, the rule applicable to the equitable remedy of setting aside a judgment after the term has expired is stated thus:

"A court of equity will not interfere to set aside a judgment and grant a new trial, except upon a showing of strict diligence in the presentation of the cause and upon proof that, after doing all that such diligence requires to be done, he has been deprived by fraud, accident, mistake, or other uncontrollable circumstances, of properly presenting his case upon the trial. And if, after it has become apparent that he must fail in his suit, he fails to avail himself of all means at his disposal to arrest the judgment and to exhaust every legal remedy to vacate it after it has been rendered, relief will be denied. That the complainant has a meritorious case, and that he has been compelled to suffer an adverse judgment by circumstances wholly beyond his control, are the fundamental grounds upon which the equity to demand a new trial must rest. Brownson v. Reynolds, 77 Tex. 254, 13 S.W. 986.

"Relief will not be granted unless the party seeking it can show clearly to the satisfaction of the court that he has a good defense to the action, which he was prevented from making by fraud, accident, or the acts of the opposite party, wholly unmixed with any fault or negligence on his part. Johnson v. Templeton, 60 Tex. 238; Duncan v. Smith Bros. Grain Co., 113 Tex. 555, 260 S.W. 1027; White v. Powell, 38 Tex.Civ.App. 38, 84 S.W. 836."

In Smith v. Ferrell (Tex.Com.App.) 44 S.W.2d 962, at page 963, the rule is thus stated: "Where the action is to set aside a judgment rendered at a term of court which has expired when the bill is filed, it is necessary that the petition or bill plead facts sufficient to establish two things: (a) That the petitioner had a good defense to the action in the first instance; and (b) that he was prevented from making such defense by fraud, accident, or the wrongful act of the opposing party, unmixed with any fault or negligence of his own. The facts adduced on the trial of the bill must be sufficient in law to substan-

tiate the allegations thereof. Goss v. McClaren, 17 Tex. 107, 67 Am.Dec. 646; Johnson v. Templeton, 60 Tex. 238; Merrill v. Roberts, 78 Tex. 28, 14 S.W. 254; Green v. Green (Tex.Com.App.) 288 S.W. 406."

In the same case, it was said at page 966 of 44 S.W.2d: "It has been well said that in ordinary cases the trial judge has a certain amount of discretion in granting new trials during the term. However, no such discretion can be exercised after the expiration of the term. The judgment then becomes a vested right which can only be divested by a direct proceeding filed for that purpose, and, when such a proceeding is resorted to, the person presenting the bill must bring himself strictly within the rules of law providing for relief in such cases. It is not enough that he plead and prove that he had a meritorious defense in the first instance, but he must go further and show that he was then free from negligence. In such case he is charged, as a matter of law, not only with what he knew during the term, but what he might have known had he used reasonable diligence." See, also, Harn v. Phelps, 65 Tex. 592; Kahl v. Porter (Tex.Civ.App.) 296 S.W. 324; Keller v. Keller (Tex.Civ.App.) 3 S.W.2d 590; Hollis v. Seibold (Tex.Civ.App.) 23 S.W.2d 811.

If, as plaintiff in error contends, his counsel had no authority to make the settlement involved in the agreed judgment of February 17, 1930, why did he sit by and permit the court to enter such settlement as its judgment in the case? If, as he contends, the only authority his counsel had was to get the most favorable judgment possible, under the instructions of the Court of Civil Appeals in remanding the cause in 1928, why did he sit by and suffer his counsel to depart from his instructions? There is no contention that adverse parties or their counsel lulled him into inaction or into a false sense of security. And why, when he saw his counsel was settling the case, did he not advise himself of the terms of the settlement, and, if not satisfactory, tell the court and opposing counsel so, and move for a new trial; and, if that was refused—which is not to be assumed—appeal his cause? Being a party to the suit, plaintiff in error was charged with knowledge of the contents of the judgment. J. M. West Lumber Co. v. Lyon, 53 Tex.Civ.App. 648, 116 S.W. 652. But as an applicant for the remedy

of bill of review plaintiff in error is charged as a matter of law with knowledge of the judgment of February 17, 1930, made under the circumstances related above. He failed to show facts entitling him to pursue the remedy of a bill of review. Indeed it is questionable whether his pleadings are sufficient, for they seem to be based on the theory that the court was without power to render the judgment of February 17, 1930, and that it was consequently a nullity, and therefore conferred no vested legal rights. But it would unduly expand this opinion to go into this phase of the suit. And we therefore base our opinion on the ground that the evidence wholly failed to show that plaintiff in error was entitled to avail himself of the equitable remedy he invoked. We have not passed on the sufficiency of the assignment to raise the question of fundamental error, but have, for purposes of this opinion, treated it as sufficient.

Affirmed.

PLEASANTS, C. J., absent.