**RICKETTS et al. v. FERGUSON.**

No. 11586.

Court of Civil Appeals of Texas. Dallas.

Oct. 14, 1933.

Rehearing Denied Nov. 4, 1933.

O. H. Woodrow, of Sherman, for appellants.

Jas. D. Buster, of Sherman, for appellee.

BOND, Justice.

This is an appeal from an ex parte order, issued out of a district court of Grayson county, granting a writ of temporary injunction, restraining appellants from selling property belonging to appellee levied upon by writ of execution issued out of a justice court. As equitable grounds for the relief, petitioner (appellee) alleged that he and two associates were sued by plaintiff (appellant) in a justice court of Grayson county on a promissory note, citation issued and served on him, and that he immediately employed an attorney to defend the action; that he had a meritorious defense to the suit, in that he did not execute the note involved, never became obligated to pay it, and was not liable in any manner in said cause of action; that the suit was filed on January 12, 1932, and without further knowledge on his part, on December 19, 1932, judgment by default was entered, execution issued and levied on real estate belonging to the petitioner.

Petitioner alleges, in detail, that the contract of employment with his attorney was made by one Joe Hughes of Bells, Tex., and that said attorney was to represent him, specially on his defense of non est factum to the note sued upon, as well as the defense of his codefendants; that he relied upon his attorney to protect his interest, notify him of the setting of the case, and prevent judgment by default; that he did not know that said attorney would not do so, and the judgment taken, until too late to perfect an appeal. Petitioner further alleged that the judgment thus entered against him is void and unenforceable, "because it was procured by fraud, accident or mistake on the part of plaintiff, wholly unmixed with fraud, negligence or lack of diligence on the part of W. P. Ferguson, plaintiff herein; that plaintiff in the justice court knew, at the time the suit was filed and at the time the judgment was entered, that the said W. P. Ferguson had never made, executed nor signed said note; that he was not liable for payment thereof, that he fraudulently and with intent to injure said W. P. Ferguson, improperly joined him as a party defendant, knowing that he was not liable on said note, and that he is not a joint-maker thereof; all of which were made for the purpose of securing a judgment against W. P. Ferguson, and to force him to pay the debt of a third party, Mose Isom."

The application fails to disclose that appellee definitely engaged an attorney, consulted or advised with him as to his defense in the case, made inquiry of him as to the progress of litigation, did anything to fur-

ther interest himself in his own defense, or to find out what was transpiring; that he attended court, made arrangements with the court or plaintiff, or plaintiff's attorney, that he would be further notified as to the day of trial, but placed the entire burden on his co-defendants and their attorney to keep him posted as to the progress of the suit. He apparently ignored the litigation. The application, stripped of all its formalities, conclusions, and verbiage, merely sets up negligence on the part of defendant and his attorney in failing to be present at the trial of the case, present his meritorious defense, and in suffering the judgment to be rendered, execution issued, and levy made on his property.

██ Thus it is shown that appellee seeks the equitable powers of the court, on the ground of his own negligence and that of his attorney, unmixed with any tortious act on the part of plaintiff, or plaintiff's attorney. "He who seeks equity must show that the judgment was obtained by fraud, accident, or concealment, on the part of his opponent, and that there has been no negligence or fraud on his part." Eldridge v. Eldridge (Tex. Civ. App.) 259 S. W. 209, 214. Appellee does not charge appellant with having been responsible for his lack of diligence, or that of his attorney in failing to attend the trial and defend the suit; thus courts of equity afford no ground of relief. If such were the case, there would be no end of litigation; courts could not function in an orderly manner and proceed in the calm spirit of regulated justice; judgments would necessarily be incumbered, blended, and intertwined with dilatory forbearance of judgment creditors, affected by their own wrongdoing. It would establish a precedent fraught with mischief, delay, and injustice to suitors' in court if a judgment should be set aside for causes like those alleged in appellee's petition. Equity aids the vigilant, and will refuse relief to one who has been dilatory or wanting in diligence in defending his cause of action. "Courts of equity cannot exercise their power to care for and protect the slothful or those merely dull of apprehension." McCauley v. Northern Texas Traction Co. (Tex. Civ. App.) 21 S.W. (2d) 309, 314. Appellee failed, by his own act and that of his attorney, to avail himself of the legal right accorded to litigants in a court of competent jurisdiction.

██ In passing on the sufficiency of the application for an injunction, the writ having been granted at an ex parte hearing, the rule is that the petition should allege all, and negative all, which is necessary to establish the right to the injunction. Plough, Inc., v. Moore et al. (Tex. Civ. App.) 56 S.W.(2d) 681. There are no facts alleged in appellee's petition, charging the court, the plaintiff, or his attorney, with any duty to notify the defendant of the setting of the case, and the application does not disclose that the defendant obtained from any of these parties a promise to notify him, or that he was depending upon any one, except his own attorney, to keep him advised; thus the most that can be said is that appellee's attorney was negligent, which contributed to his hurt. It is well established that a litigant may not vacate a judgment because of the negligence of his own attorney, as held by our Supreme Court, in the case of Scrivner v. Malone, 30 Tex. 773, from which we quote: "The plaintiff below obtained judgment upon an instrument in writing by default. The defendant requested the judgment to be set aside, because he had engaged an attorney at law to defend the cause, and the attorney neglected his duty. If it had appeared that the plaintiff was directly or indirectly implicated in causing the attorney so selected to violate his obligation, we should be bound to set aside the judgment. But as the plaintiff should not be delayed in consequence of the default of the defendant or his agent, the judgment must be affirmed. * * *" So also is the holding in the case of Smith et al. v. Ferrell et ux., 44 S.W.(2d) 962, 966, of the Commission of Appeals. In that case, as in this case, the defendant had notice by personal service, and an opportunity afforded to defend the suit; but he did not because he expected his attorney to attend to the matter. The court said: "If the judgments of Courts were liable to be set aside, and new trials granted on such grounds as these, there would, indeed, never be an end of litigation. It has been well said, that, 'If mistakes in practice, or inadvertence furnished reason for a new trial, it would encourage litigation and reward ignorance and carelessness at the expense of the other party.' * * * And, therefore, the law in such cases wisely acts upon the maxim, interest reipublicae ut sit finis litium—it is for the public good that there be an end of litigation."

█ In the case at bar, appellee cannot assert, and escape the consequences that, in pursuing the course he pursued in the justice court, he was depending upon his attorney, for the law attributes to him the negligence or mistake of his attorney. It is a well-settled rule in this state that, when a suit is brought for the purpose of overturning and annulling a judgment rendered by a court of competent jurisdiction, the party seeking that relief must not only show that he had a meritorious defense, but must also show that the judgment was obtained through no negligence of his that his defense was not presented when the case was tried.

█ We conclude that appellee does not allege sufficient facts authorizing the trial court to grant the writ of injunction, restraining appellant, in the exercise of his legal rights afforded him by the judgment in the justice court, to have execution issued and levy made on appellee's property to satisfy his debt.

It therefore follows that the granting of the writ of temporary injunction ex parte, without notice to appellant, was not authorized and was an abuse of discretion by the trial court; it is the duty of this court, therefore, to reverse and render this case in favor of appellant, dissolving the injunction, and it is so ordered.

Reversed, and injunction dissolved.