## SMITH et ux. v. CITY OF DALLAS.
### No. 3110.

Court of Civil Appeals of Texas. El Paso.
Jan. 10, 1935.

Rehearing Denied Jan. 31, 1935.

Geo. S. Atkinson, E. G. Moseley, and Allen & Allen, all of Dallas, for plaintiffs in error.

Hugh S. Grady, City Atty., H. P. Kucera, Asst. City Atty., and Eckford & McMahon, all of Dallas, for defendant in error.

WALTHALL, Justice.

We will designate the parties, respectively, plaintiffs and defendant, as in the trial court.

The court overruled defendant's plea in abatement, of which it complains here.

The court sustained defendant's general demurrer to plaintiffs' original petition, of which they complain here.

Plaintiffs' petition is paragraphed, and we will maintain that division and, as briefly as we can, state the material facts alleged in each of the paragraphs.

Plaintiffs, Russell E. Smith and wife, sue the city of Dallas and Dr. J. H. Stephenson, and allege:

(1) Plaintiffs and Dr. Stephenson are residents of Dallas county, Tex., and the city of Dallas is a municipal corporation situated in the county of Dallas, state of Texas.

(2) That on April 22, 1932, and prior thereto, the city of Dallas owned or was interested in the operation of the Parkland Hospital located within the corporate limits of the city of Dallas. Said hospital was operated in the name of Parkland Hospital by the city of Dallas, for profit. That it made a specific charge to all patients entering the hospital for the purpose of medical treatment and hospital service. That a specific fee or charge was made for the use of the rooms and wards therein and for use of every other facility at such place and used in connection with the treatment of patients.

(3) Allege in the alternative that, if all patients treated were not paying patients, a specific charge was made and not pressed.

(4) That the city of Dallas held out said hospital as an institution affiliated with all reputable hospitals and having and maintaining proper facilities, etc., and especially emergency cases including those suffering injuries from gunshot. That the city of Dallas held said hospital out to the public and represented it to be an institution where proper treatment would be available by those trained in the medical profession and especially capable of administering emergency treatment to those suffering from accident, including gunshot wounds.

(5) That on the 22d day of April, 1932, and prior thereto, Dr. J. H. Stephenson was employed by the city of Dallas to superintend said Parkland Hospital and on said date was so acting in said capacity. That he had charge of the entire hospital staff, including all internes, and held himself out as a doctor qualified, etc., in the treatment of emergency cases such as injuries inflicted by gunshot, and capable of administering first-aid treatment to those suffering from injuries and capable and qualified to continue such treatment and perform operations calculated to effect the cure of patients suffering from accidental injuries.

(6) That on or about the 22d day of April, 1932, Helen Smith, the daughter of plaintiffs, about 6 years of age, was accidentally shot with a .32 caliber revolver, and that immediately after the accident plaintiffs secured from the Emergency Hospital, maintained by the city of Dallas, an ambulance, and, upon its arrival at plaintiffs' residence at 4722 McKinney avenue, in the city of Dallas, the child was immediately carried to Parkland Hospital, and to the emergency room, where doctors, assisted by nurses, began examination of plaintiff's child. They split her dress sleeve and injected a hypodermic into her hip, but did not undress or take the dress off the child. They dressed the child's arm which had been pierced by the bullet, and thereupon Dr. Stephenson advised plaintiffs that the child was in a condition to be taken home, which was done after being at the hospital some few minutes. Upon undressing the child, it was discovered that the bullet, after passing through the child's arm, had struck her body below the ribs and heart; whereupon plaintiffs called Parkland Hospital and asked for the doctor who attended the child, telling the party answering the phone that the child had gotten away with a bullet in her body and had been treated only for a wound in the arm, and were told by the attendant that the doctor was busy. The petition then states what was done elsewhere, had an X-ray taken, and discovery of the bullet necessitating an immediate operation.

(7) States that an operation was had at another hospital, the bullet removed, and that thereafter the child died as a result of said gunshot wound.

(8) The petition charges defendant, through its agents and representatives at Parkland Hospital, with gross negligence and malpractice in conducting the examination of the child, which negligence directly and proximately caused the death of the child, and in this paragraph states separately and concurrently eight grounds of negligence as directly and proximately causing the death of said child, namely: Failure to examine the body of the child for bullet wound; in so failing they violated the rules of medical practice; failure to discover the bullet wound in the child's abdomen, and perform the necessary surgery and medical treatment; in advising that the child could be taken home after dressing the child's arm; failure to give timely notice of the child's condition; negligence of the city of Dallas in placing in charge of the hospital one not qualified; failure to keep available qualified attendants; failure to provide proper treat-

ment of the child while on the way to the hospital.

(9) All the acts of negligence directly and proximately caused the resulting damage to plaintiffs, in that, had the abdominal wound been discovered at the time, it would not have developed into the peritonitis, resulting in the child's death.

(10) The presentation of the claim for damages to the city of Dallas and the rejection of the claim.

(11) Notice to each of defendants to produce on the trial the claim made.

(12) In this paragraph the petition states the age of the child, her previous condition of health, the progress of education she would have made, her earning capacity during minority above cost, her financial contribution and assistance to plaintiffs, the medical, surgical, and funeral expenses as the result of the negligence charged.

Plaintiffs pray for citation, their stated damages, stating same, for costs, relief general and special.

Dr. Stephenson was dismissed from the suit, and we need not state his answer. The city of Dallas filed a verified plea in abatement, the general tenor of which was that Parkland Hospital is a charitable institution operated jointly by the county of Dallas and the city of Dallas, both interested in the subject-matter of the suit, and that the county of Dallas is not a party to the suit. The city prays that the cause be abated until all necessary parties are before the court.

In addition to the plea and without waiving it, the city of Dallas excepted generally to plaintiffs' petition and filed its general denial.

The trial court overruled the plea in abatement and sustained its general exception. Plaintiffs refusing to amend, the suit was dismissed, and plaintiffs duly prosecute this appeal by writ of error.

### Opinion.

We will first consider the question of error in the action of the trial court in sustaining the general demurrer to plaintiffs'. petition, presented by the city of Dallas, since the overruling of the plea in abatement becomes important in the event only that the order sustaining the demurrer is overruled.

No evidence was heard on the trial of the case, except that, in considering the plea in abatement and on the plea the parties agreed in open court that the various city·ordinances and charter provisions set forth in the plea were true and correct as to the existence of such ordinances and charter provisions; and as to said plea it was further agreed that Parkland Hospital is operated by the means set forth in said plea and that during the year 1932 the city of Dallas and the county of Dallas each appropriated approximately the sum stated for the support and maintenance of said hospital.

The only question we think we need to consider is the question presented in plaintiffs' second proposition, namely, whether a municipal corporation operating a hospital for profit, as alleged, is liable in damages for the negligent acts of its agents, servants, and representatives.

Defendant's counter proposition to the above is to the effect that the operation of the hospital by the city of Dallas is a governmental function, and the city is not liable for the negligence of its hospital employees.

Plaintiffs refer us to a number of cases from our own courts as sustaining their proposition.

Under chapter 13, Home Rule, Revised Civil Statutes of this state, article 1175, are enumerated the powers of cities for local self-government—among the powers enumerated, subdivision 28, which provides, among other things, for a health department and the establishment of rules and regulations protecting the health of the city and the establishment of emergency hospitals. Article 1015 provides that the governing body of the cities shall have power to do all acts and make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease; to erect or establish one or more hospitals and control and regulate the same. The statute (article 4492) authorizes the commissioners' court of a county to co-operate with the city in the establishment, building, equipment, and maintenance of a hospital in the city,· and provides that the management of such hospital shall be under the joint control of the county and city.

The charter of the city of Dallas provides that the city may make and enforce all health and sanitary regulations.

We might say here that in this state we have no express statute which either makes a city liable in damages or relieves it from damages for injuries received from negligence; nor is there such provision found in the record of the charter of the city of Dallas, and, if liable, it is so solely on the ground of the proper application of the principles of the common law. City of Galveston v. Posnainsky, 62 Tex. 118, 50 Am. Rep. 517. In

that case Judge Stayton makes a distinction as to liability between counties and like quasi corporations created by the Legislature by general laws without reference to the wish of their inhabitants, and thus for essentially public purposes, and towns and cities incorporated through special charters enacted at the request of those directly benefited by them and with a view to this end. In that case, omitting the argument and references and briefly stated, it is held that, when a city accepts a charter conferring definite powers, the resulting duty is imposed thereby to faithfully exercise them, and, failing in this, it is responsible to one injured thereby.

In City of Belton v. Ellis (Tex. Civ. App.) 254 S. W. 1023 (writ refused), where the city was authorized under its charter to own, maintain, and operate a bathing pool and slide and to charge fees for the use thereof, the pool was a public utility, and the city was held liable for negligence in its operation.

In City of Fort Worth v. Wiggins et al., 5 S.W.(2d) 761, the Commission of Appeals held that, where the municipality acts, not as a governmental agent, but in its private capacity, as a corporation, it is liable for the negligence of its representatives precisely the same as an individual would be. Exemption of the municipality from liability for negligence of its representatives pertains only to those acts or functions which are performed as the agent of the state in furtherance of general law for the interest of the public at large, as contradistinguished from its acts and functions intended primarily for the benefit of that portion of the public within the corporate limits of the municipality. Conway v. City of Beaumont, 61 Tex. 10. To the same effect is City of Wichita Falls v. Mauldin (Tex. Com. App.) 39 S.W.(2d) 859, City of Amarillo v. Ware, 120 Tex. 456, 40 S.W. (2d) 57, 60, and other cases of like import we have reviewed.

To be governmental as distinguished from proprietary functions, the courts hold the purpose of the act done must be "essentially public, purposes pertaining to the administration of general laws made to enforce the general policy of the state." The powers classed proprietary are such as are "voluntarily assumed, powers intended for the private advantage and benefit of the locality and its inhabitants."

We have concluded that the duty the representatives of the Parkland Hospital was called upon to perform, as stated in the petition, was not a governmental function, but a service voluntarily assumed by the hospital for the benefit of the locality where situated.

We need not undertake to distinguish the cases referred to by defendant from the cases above. Many of them, however, are clearly governmental in the service performed.

We think the cause of action as stated in the petition was sufficiently stated as against a general demurrer.

Defendant submits that, should it be held that it was error to sustain the demurrer, the judgment dismissing the case should be affirmed for the reason the court erred in overruling its plea in abatement.

We do not concur in the contention. The plea was not in bar, nor does it state grounds sufficient to abate the suit. Had the plea been sustained, it was not cause for dismissing the case.

Defendant pleaded, and the record shows, that the city of Dallas was operating the Parkland Hospital in conjunction with the county of Dallas. The court overruled the plea.

In view of a trial on the merits and the insistence by the defendant that plaintiff may not proceed in the trial of the case until Dallas county is made a party defendant, we think we properly may express our view of the necessity of making the county of Dallas a party defendant to the suit.

We think the court was not in error in overruling defendant's plea in abatement. Where the city of Dallas and Dallas county jointly operate the hospital, should there be negligence and damages resulting therefrom, as alleged, in its operation, the city and county would be joint tort-feasors, and the suit would lie against either or jointly against both. The injured person may sue both city and county jointly or each separately. 32 Texas Juris. p. 47, par. 28. The rule stated in 32 Texas Jurisprudence, p. 32, is that "all persons who have a legal or beneficial interest in the subject matter of the suit should be made parties, either plaintiffs, or defendants." The defendant city of Dallas can bring suit in Dallas county as a defendant should it so desire.

We think the solution of the question from the standpoint of defendant is found in article 2212 of the Civil Statutes as amended in Acts 1917, c. 152, p. 360, which provides for contribution between tort-feasors.

For reason stated, the case is reversed and remanded.