**POLAND et al. v. RISHER et al.**

No. 2855.

Court of Civil Appeals of Texas. Beaumont.

Dec. 31, 1935.

Rehearing Denied Jan. 8, 1936.

David E. O'Fiel, of Beaumont, and M. E. Cain, of Liberty, for appellants.

Crawford & Crawford, of Conroe, for appellees.

O'QUINN, Justice.

September 19, 1933, appellees sued W. I. Poland, Mrs. W. I. Poland, Charlie Patton, Mrs. Charlie Patton, R. J. Mann, Mrs. R. J. Mann, Walter Hough, and Mrs. Walter Hough, in the district court of Montgomery county, Tex., in trespass to try title to 1,307.57 acres of land (in two tracts, one of 396.91 acres and one of 910.66 acres), a part of the W. B. Bridges survey in said Montgomery county. They prayed for judgment for title and possession of the land, and for a temporary injunction to restrain the defendants from removing any houses, wire fences, posts, or timber from the land. The injunction was issued as prayed.

October 12, 1933, the defendants R. J. Mann and Mrs. R. J. Mann answered by general demurrer, general denial, and a plea of not guilty. By their first amended original answer, filed February 12, 1934, they answered by general demurrer, plea of not guilty, and disclaimed as to all of the lands sued for except a specific described 160 acres, to which they asserted

title by the ten-year statute of limitation which they especially pleaded. They prayed judgment for the specific 160 acres claimed, and in the alternative for 160 acres of land to be located so as to include their improvements.

The defendants Walter Hough and wife, Mrs. Walter Hough, answered by general demurrer, general denial, and plea of not guilty.

The defendants W. I. Poland and Mrs. W. I. Poland filed no answer. The defendants Charlie Patton and Mrs. Charlie Patton answered, disclaiming any interest in or to the land in litigation.

June 1, 1934, the case was regularly called for trial, and the plaintiffs, appellees here, appeared and announced ready for trial. None of the defendants or their attorneys appeared, and the case was tried to the court without a jury, who, after hearing the pleadings read and the evidence adduced, rendered judgment discharging the defendants W. I. Poland and Mrs. W. I. Poland, and Charlie Patton and Mrs. Charlie Patton, on their disclaimers; and rendered judgment in favor of the plaintiffs and against the defendants R. J. Mann and Mrs. R. J. Mann, on their disclaimer, for all of the land except the 160 acres claimed by them by the ten-year statute of limitation, and against them for the 160 acres thus claimed; and in favor of plaintiffs and against the defendants Walter Hough and wife, Mrs. Walter Hough, for all of the land, and perpetuated and made permanent the temporary injunction theretofore granted restraining the defendants and all of them from removing any houses, wire fences, posts, and timber from the land involved.

July 19, 1934, R. J. Mann and Mrs. R. J. Mann, Walter Hough, and Mrs. Walter Hough filed what they denominated a motion for new trial and bill of review, seeking to set aside the judgment above mentioned. In their petition they prayed for an injunction to restrain appellees, and each of them, from interfering with or molesting them in the reasonable enjoyment and use of "said property" (the 160 acres and improvements thereon), pending hearing of their motion for a bill of review, which was granted and the writ duly issued.

October 29, 1934, appellees filed motion to dissolve the injunction granted appellants, and that appellants take nothing by their suit.

On January 28, 1935, the matter still pending, R. J. Mann and his wife, Mrs. R. J. Mann, filed their first amended motion for a new trial and bill of review in which they alleged: (a) That on September 9, 1933, appellees sued appellants and others in trespass to try title to certain described lands; (b) that defendants Poland and wife and Patton and wife disclaimed any interest in the lands involved, and that defendants Hough and wife filed answer, but failed to appear and defend; (c) that these appellants, Mann and wife, answered by general demurrer, general denial, plea of not guilty, and special plea claiming a certain 160 acres of the land sued for by the ten-year statute of limitation, describing the 160 acres by metes and bounds, with an alternative plea that, if not entitled to the specific 160 acres, then to 160 acres to be selected under the orders of the court; (d) that the 160 acres so claimed by appellants was a portion of a 417.41 acres in the W. B. Bridges survey in Montgomery county described in appellees' (plaintiffs below) petition; (e) that appellant R. J. Mann and his father, R. B. Mann, took possession of the land under a contract with Mrs. Laura L. Bryning and Dan Stewart, wherein it was agreed that said R. J. Mann and said R. B. Mann would go into possession of, and look after, the lands in said 417.41 acres in said Bridges survey owned by said Laura Bryning and said Dan Stewart, and prevent trespassing upon said land, in consideration of which said Bryning and Stewart "would give to the said R. J. Mann 160 acres of land which was to be surveyed off of said survey south of and adjoining said thirteen and one-half acres thereof, occupied and owned by said R. B. Mann"; (f) that "said Laura Bryning and Dan Stewart owned an interest in said Bridges Survey amounting to more than 400 acres, which interest was then undetermined, but that they claimed at the time of the making of said contract an acreage in said survey far in excess of 400 acres," and that appellant R. J. Mann and his father R. B. Mann complied with their agreement and were entitled to the said 160 acres of land; (g) that they entered upon and took possession of the 160 acres agreed to be given them by said Laura Bryning and Dan Stewart, and occupied, cultivated, and enjoyed same for a period of more than ten years next before the filing of this suit by appellees, and that, by virtue of said occupancy of and claim to said land, they acquired title

thereto and were entitled to recover same as against appellees; (h) that said R. B. Mann was now deceased, that he died testate, and that under the terms of his will R. J. Mann succeeded to his interest in said land.

Appellants, in their said amended motion and petition, further alleged: (a) That on May 3, 1934, Crawford & Crawford, a law firm whose office is at Conroe in Montgomery county, and who represented appellees, who were then plaintiffs in this cause, No. 17755, then pending on the docket of the district court of said county, advised David E. O' Fiel, an attorney representing appellants in said cause No. 17755, and who resided at Beaumont, Tex. that said cause was set for trial in the fifth week of court which began on Monday May 28, 1934, and requested his (O'Fiel's) assent to said setting, to which said O'Fiel agreed and notified said Crawford & Crawford, that appellants would be ready for trial at said date; (b) that on May 24, 1934, appellant R. J. Mann was present in the district court of Montgomery County "for the purpose of ascertaining whether or not this cause would be tried and that while he was present in the court room during said day, he heard said cause sounded by the court, and inquiry was made as to whether or not said cause, as well as other causes, set for trial during the succeeding week would be tried, and that one of the firm of Crawford & Crawford, who was then present in court, announced that the said case would not be tried during said week and that he, the said R. J. Mann, did, on the 25th day of May, 1934, write the said David E. O'Fiel at Beaumont, Texas, a letter in which he stated and advised him that the said case would not come up for trial on the 28th as the defendant and his counsel had been advised by the said Crawford & Crawford, and that thereupon, the said David E. O'Fiel advised the said Mabry Cain (other counsel for appellants) of said fact"; (c) that, acting upon the information given them by said R. J. Mann, and believing that the case would not be tried, but would be continued "during the fifth week of court as they understood it would be from the information furnished them by the said Crawford & Crawford neither of these defendants nor any of their counsel appeared in court on the 28th day of May, nor did they think it necessary for them to appear at any time during the said week because of the statement made by counsel for plaintiffs in said cause No. 17755, as hereinabove alleged"; (d) that appellants "are now informed" that said case was not set to be tried on May 28th as stated in the letter from Crawford & Crawford to David E. O'Fiel, but was set for Wednesday of the fifth week, June 1st, and that neither of the defendants nor either of their counsel was advised of such setting, but believed the case was set for the 28th day of May, and that same would not be tried during said fifth week for the reason above stated.

Appellants, in their said amended motion and petition, further alleged (a) that on June 1, 1934, attorneys for the plaintiffs appeared with their counsel and announced ready for trial, and that neither of the defendants nor their counsel appeared, and plaintiffs waived a jury, and the court proceeded to try the case and rendered judgment for plaintiffs for all of the land sued for, including the 160 acres claimed by appellants by the ten-year statute of limitation; that neither of the defendants nor any of their counsel were advised of said proceeding, nor did they have any knowledge that the case had been tried until October 10, 1934, when appellant R. J. Mann happened to be in Conroe and was advised that the case had been tried, judgment rendered against the defendants, and a writ of possession issued by the clerk of the district court and placed in the hands of the sheriff of said Montgomery county, directing him to dispossess appellants of the land in controversy and place appellees in possession thereof; (b) that, if plaintiffs had been advised that the case was to be tried on June 1, 1934, they and their counsel would have been present prepared to and could have and would have tried said cause and defended same, "and that had they been given an opportunity to defend said cause, they would have introduced evidence which would have entitled them to recover of and from the plaintiffs in said Cause No. 17755, the one hundred and sixty (160) acres of land, so claimed by them as aforesaid, and that had they been advised before the adjournment of said term of court that the judgment had been entered therein, they would have filed a motion during the said term asking that such judgment be set aside, and that a new trial be granted them in the premises."

They further alleged that during the time they had been in possession of the property, and while claiming same in good

faith, they had made improvements thereon exceeding $2,000 in value, and that, if said judgment was not vacated, they would suffer great hardship and injustice and sustain substantial and irreparable injury; and prayed that the temporary injunction granted them restraining the execution of the writ of possession threatened against them by appellees be continued in force until a final hearing of their motion for a new trial and bill of review, and that they be declared the owner of the 160 acres of land claimed by them, and for relief generally. The petition was verified.

Appellees answered by general demurrer, special exceptions, and a general denial.

On January 28, 1935, the motion of appellees to dissolve the temporary injunction granted to appellants when they filed their original motion for a new trial and petition for bill of review came on to be heard and also the motion for new trial and bill of review, and appellees appeared in person and by counsel, and appellants R. J. Mann and his wife, Braska Mann, appeared in person and by counsel, and all parties announced ready for trial, and after the pleadings were read and arguments of counsel thereon heard, the court sustained the motion to dissolve the injunction, and also entered judgment refusing appellants' motion for a new trial and bill of review, for the reason that the court concluded that said motion showed no equity or sufficient reason for setting aside the judgment sought to be annulled. This appeal is from that judgment.

■ It is well settled that a judgment may be set aside by a direct suit brought for that purpose, upon a proper showing of fraud, accident, or mistake in the procuring or rendition of such judgment. It is also a fixed and rigid rule that such relief will not be granted unless the party seeking same can show that he was prevented from making a valid defense to the action in which the judgment was rendered, against him by fraud, accident, or the act of the opposite party unmixed with fault or negligence on his part. Wagley v. Wagley (Tex.Civ.App.) 230 S.W. 493, 495. Under the facts alleged by appellants, we cannot say that they were free from fault or negligence in the premises. By agreement the case was set for trial during the fifth week of the court, which began on May 28th. It appears that a number of cases were set for that date. According to R. J. Mann's own statement,

he was present in the courtroom at Conroe on May 24th, he says to ascertain whether the case would be tried as set. Just why he thought he could then find whether the case would be tried in the next week is not stated, nor can we guess. He says that the judge was sounding the docket (for the week to come) and that a member of the law firm of Crawford & Crawford, who represented his opponents in the case, announced that said cause "would not be tried during said week," and that he believed such statement, and on the next day so wrote his attorney at Beaumont; that because of such statement neither he nor any of his counsel were present, and that on Wednesday of the fifth week, June 1, 1934, the case was called and tried in his and his counsel's absence, and judgment rendered denying him the relief sought. He did not talk with the member of the Crawford firm, nor to the clerk of the court, nor to the judge on the bench, to ascertain whether he had correctly understood the matter, nor did he make any effort to ascertain why the case was continued, if in fact it had been. He simply trusted his own conclusion as to what had been said and done. He knew that he had not been consulted about the matter, and, not having any notice from his attorneys, must have known that they had not agreed to such continuance of the case. Further, he says that the next day, May 25th, he wrote his attorney at Beaumont that the case had been continued and would not be tried in the fifth week as agreed. His counsel, of course, knew that he (counsel) had not agreed to the continuance of the case, and that counsel for his adversary, in the absence of such agreement, could not, in advance of the calling of the case as set, continue same, and so the acts of appellant by his own statements, as shown, we think amounted to such negligence as to bar him from the right of a bill of review to set aside the judgment. Merrill v. Roberts, 78 Tex. 28, 14 S.W. 254.

■ Moreover, it is necessary, in a suit of this nature, for the party seeking to set aside a judgment and to obtain a new trial, to not only plead that he has a meritorious defense to the cause of action asserted against him, but also to plead the facts constituting such defense. Winn v. Houston Building & Loan Association (Tex.Civ.App.) 45 S.W.(2d) 631 (writ refused); McCaskey v. McCall (Tex.Civ. App.) 226 S.W. 432, 434. We have supra

set out pretty fully the substance of appellants' petition for bill of review. We do not believe that it meets this requirement. They assert title to the 160 acres claimed by them only by the ten-year statute of limitation. Their pleading is: "That had they been given an opportunity to defend said cause, they would have introduced evidence which would have enabled them to recover of and from the plaintiffs in said Cause No. 17755, the one hundred and sixty (160) acres of land, so claimed by them as aforesaid." Their aforesaid claim was by ten years' limitation. This pleading was but a conclusion of fact, and and not the statement of facts which would support ten years' adverse possession under a claim of right.

For the reasons above given, the judgment should be affirmed, and it is so ordered.

Affirmed.