### KOST v. ROSE et al.

### No. 10323.

Court of Civil Appeals of Texas. Galveston.

March 11, 1937.

Henderson & Copeland, of Houston, for appellant.

Hardway & Cathey and D. H. Austin, all of Houston, for appellees.

CODY, Justice.

This suit is one in the nature of a bill of review to set aside a judgment taken by appellee against appellant on a promissory note for $252, in cause No. 35928 on the docket of the county court at law of Harris county, being the same court wherein the instant suit was tried.

On July 5, 1933, Mr. B. B. Patterson wrote appellant that in view of the fact cause No. 35928 was returnable on that day, and appellant was out of the city, he was filing an answer for him. But that, as previously stated by him, appellee was also a client of the firm, and the firm would not represent either party; that his firm would try to make some adjustment, or appellant could turn it over to some attorney for further handling. A copy of such letter was sent to appellee and his attorneys. Pursuant to such letter, an answer was filed for appellant. About the 5th of August, 1933, on his return to Houston, appellant testified he called at the office of Mr. John F. Cole, another member of the same firm to which Mr.

Patterson belonged, and turned the matter over to him. The cause had been regularly set on July 5th for trial on August 14, 1933, which was at the same term to which appellant had answered on July 5, 1933; appellee had given no notice to appellant of said setting or to Mr. Patterson's firm. Mr. Cole was sick on August 14th, and remained so until August 20, 1933, when he died. Appellee's attorneys did not, when the case was reached for trial on August 14th, notify appellant or Mr. Patterson's firm, but on August 15th took judgment. The term ended the last day of August, and it was not until after the expiration of the term at which the judgment was taken that appellant learned such judgment had been taken against him. Appellant knew of Mr. Cole's death, and attended his funeral.

In Stewart v. Byrne (Tex.Com.App.) 42 S.W.(2d) 234, 235, the rule applicable to an equitable proceeding to set aside a judgment after the term had expired is stated thus:

"A court of equity will not interfere to set aside a judgment and grant a new trial, except upon a showing of strict diligence in the presentation of the cause and upon proof that, after doing all that such diligence required to be done, he has been deprived by fraud, accident, mistake, or other uncontrollable circumstances, of properly presenting his case upon the trial. And if, after it has become apparent that he must fail in his suit, he fails to avail himself of all means at his disposal to arrest the judgment and to exhaust every legal remedy to vacate it after it has been rendered, relief will be denied. That the complainant has a meritorious case, and that he has been compelled to suffer an adverse judgment by circumstances wholly beyond his control, are the fundamental grounds upon which the equity to demand a new trial must rest. Brownson v. Reynolds, 77 Tex. 254, 13 S.W. 986.

"Relief will not be granted unless the party seeking it can show clearly to the satisfaction of the court that he has a good defense to the action, which he was prevented from making by fraud, accident, or the acts of the opposite party, wholly unmixed with any fault or negligence on his part. Johnson v. Templeton, 60 Tex. 238; Duncan v. Smith Bros. Grain Co., 113 Tex. 555, 260 S.W. 1027; White v. Powell, 38 Tex.Civ.App. 38, 84 S.W. 836."

In Smith v. Ferrell (Tex.Com.App.) 44 S.W.(2d) 962, the rule is thus stated at page 963: "Where the action is to set aside a judgment rendered at a term of court which has expired when the bill is filed, it is necessary that the petition or bill plead facts sufficient to establish two things: (a) That the petitioner had a good defense to the action in the first instance; and (b) that he was prevented from making such defense by fraud, accident, or the wrongful act of the opposing party, unmixed with any fault or negligence of his own. The facts adduced on the trial of the bill must be sufficient in law to substantiate the allegations thereof. Goss v. McClaren, 17 Tex. 107, 67 Am.Dec. 646; Johnson v. Templeton, 60 Tex. 238; Merrill v. Roberts, 78 Tex. 28, 14 S.W. 254; Green v. Green (Tex.Com.App.) 288 S.W. 406."

In the same case, it was said at page 966 of 44 S.W.(2d): "It has been well said that in ordinary cases the trial judge has a certain amount of discretion in granting new trials during the term. However, no such discretion can be exercised after the expiration of the term. The judgment then becomes a vested right which can only be divested by a direct proceeding filed for that purpose, and, when such a proceeding is resorted to, the person presenting the bill must bring himself strictly within the rules of law providing for relief in such cases. It is not enough that he plead and prove that he had a meritorious defense in the first instance, but he must go further and show that he was then free from negligence. In such case he is charged, as a matter of law, not only with what he knew during the term, but what he might have known had he used reasonable diligence."

In the instant case the court below, at the conclusion of the evidence, instructed a verdict in favor of appellee. We think this action was justified by the undisputed evidence. The letter of Mr. Patterson had notified appellant and appellee that his firm would not represent appellant in the defense of the suit. The judgment was taken five days before Mr. Cole's death, and had the appellant applied to the court to set aside the judgment before the expiration of the term, a very different case would have been presented. After the expiration of the term, appellee had a vested right, which could be taken away only by appellant showing that he was prevented from making his defense by fraud, accident, or the wrongful act of the opposing party, unmixed with any fault or negligence of his own. Appellant failed

to make any such proof; it was not appellee's duty to inform him that judgment had been taken. As stated in Smith v. Ferrell, supra: "If the judgments of Courts were liable to be set aside, and new trials granted on such grounds as these, there would, indeed, never be an end of litigation. It has been well said, that, 'If mistakes in practice, or inadvertence furnished reason for a new trial, it would encourage litigation and reward ignorance and carelessness at the expense of the other party.' * * * And, therefore, the law in such cases wisely acts upon the maxim. * * * It is for the public good that there be an end of litigation."

The judgment of the court below should be affirmed, and it is so ordered.

Affirmed.