R. J. MANN ET UX. (W. I. POLAND ET AL.) v. H. C. RISHER ET AL.

No. 7056. Decided May 18, 1938.
(116 S. W., 2d Series, 692.)

*W. R. Blain, Daniel E. O'Fiel* and *M. E. Cain,* all of Beaumont, for plaintiffs in error.

A court of equity should set aside a judgment rendered in the absence of a party or his counsel, after adjournment of a court upon a proper pleading showing a meritorious defense where the absence of such party and his counsel were due to accident, fraud or mistake. Smith v. Patrick, 36 S. W. 762; Johnson v. Templeton, 60 Texas 238; Winn v. Houston B. & L. Assn., 45 S. W. (2d) 631.

*Crawford & Crawford,* of Beaumont, for defendants in error.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Plaintiffs in error were denied the relief sought by bill of review in the trial court to procure a new trial of this case. The Court of Civil Appeals affirmed the judgment denying the relief. Upon a full consideration of the record, particularly the allegations of the bill, we have concluded that the Court of Civil Appeals did not err in affirming the trial court's judgment. 88 S. W. (2d) 1106.

Mrs. H. C. Risher and others sued W. I. Poland, Charlie Patton, Walter Hough and R. J. Mann, and their respective wives, in trespass to try title to about 1300 acres of land. In addition to recovery of title and possession they sought a temporary injunction to restrain defendants from removing fences and timber from the land pending suit. The injunction was issued as prayed. Hough and wife answered by general denial, and a plea of not guilty, Mann and his wife filed a disclaimer to all of the land except 160 acres to which they asserted title by limitation. The Pattons disclaimed any interest in the land, and the Polands, though duly cited, filed no answer. The case was tried

on June 1, 1934, the date upon which it was set for trial. Judgment was for plaintiffs for title and possession and made permanent the injunction theretofore granted. None of the defendants or their attorneys were present when the case was tried.

1-3 The Court of Civil Appeals has in its well considered opinion made a full statement and fair analysis of the facts relating to the conduct of counsel for plaintiffs in the original suit and that of defendants and their counsel as well. The statement and analysis are predicated upon defendants' averments in the petition for review. The gist of the matter is, according to the allegations, that Mann after he heard the docket sounded and what was stated with respect to the case, wrote counsel for defendants that the case would not "come up for trial" on the 28th; and that defendants and their counsel so believing, and believing also that the cause would be continued during the week of the 28th, did not answer during that week, or on June 1st of that week, when the case was tried. There was no sufficient reason in law for assuming the case would not be tried. It does not appear that defendant Mann, who for some reason decided to take into his own hands the matter of advising defendants' counsel concerning the setting of the case, consulted with counsel for the opposing parties. Nor does it appear that they even knew of his presence in the courtroom. Certainly they made no agreement touching the matter. The allegations do not show fraudulent conduct on the part of opposing counsel. It is not necessary to comment further upon the failure of defendants and their counsel to be present when the case was tried other than to say they relied upon a letter of one of the defendants (Mann) to the effect that he heard an attorney for plaintiffs announce upon the sounding of the docket that the case would not be tried during the succeeding week. Courts judicially know that it cannot be ascertained definitely in advance whether a particular case of a week's assignment of cases will be tried during the week set, in the absence of some agreement by the court and counsel concerning the matter. It is not alleged that any such agreement was made. If any blame attaches to plaintiffs' counsel for the alleged statement it was not unmixed with the fault or negligence of defendant. We are in full accord with the conclusion reached by the Court of Civil Appeals and the reasons therefor relating to the alleged conduct of counsel for plaintiffs and the diligence of defendants and their counsel, as disclosed by the bill. Winters Mutual Aid. Assn. No. 2 v. Reddin, (Com. App.) 49 S. W. (2d) 1095. The rule applicable here, as stated in the case cited, reads:

"The courts of this state have established a rule that any

person injured in a judgment may at a subsequent term institute a suit to set aside such judgment and retry the cause. This is an equitable proceeding. The essential elements must be alleged showing in particular that the judgment was obtained through the wrongful conduct of the opposite party, unmixed with fault upon the part of the complainant, and, moreover, that the complainant has a meritorious defense which, if heard, would probably bring about a different result."

Sufficient allegations relating to the conduct of plaintiffs' counsel relied upon by defendants, as well as sufficient allegations by them with respect to meritorious defense, are necessary in order to require the trial court to set aside its judgment and retry the case; and since the allegations relating to the conduct of plaintiffs' counsel alleged by defendants are not sufficient for that purpose, it is not necessary to determine whether the averment relating to meritorious defense is sufficient.

The judgments of the trial court and Court of Civil Appeals are affirmed.

Opinion adopted by the Supreme Court May 18, 1938.