## COLLINS v. NATIONAL BANK OF COMMERCE OF SAN ANTONIO et al.

### No. 11024.

Court of Civil Appeals of Texas. San Antonio.

July 9, 1941.

Rehearing Denied Oct. 1, 1941.

297

H. S. Groesbeeck, of San Antonio, and O. F. Burney, of Floresville, for appellant.

Terrell, Davis, Hall & Clemens and Leroy Jeffers, all of San Antonio, for appellees.

NORVELL, Justice.

This suit is a direct attack in equity made by appellant, Oren Collins, upon a nihil dicit judgment rendered against him. The appeal is from a judgment based upon a peremptory instruction denying appellant the relief prayed for in his bill of review.

We have concluded that the judgment of the trial court must be affirmed upon one proposition among those advanced in the brief. Since other matters here presented by the parties are therefore immaterial to the disposition of this appeal, our statement will be restricted to the controlling proposition.

In the former action, which resulted in the judgment under attack, the appellant as a defendant in said suit, having been duly served with citation, employed a counsel of his own selection, who filed an answer in his behalf on October 27, 1939. Thereafter, on November 27, 1939, an interlocutory judgment by default was rendered disposing of all parties except Collins. On December 5, 1939, the case came on to be heard, but neither Collins nor his attorney appeared. Judgment was therefore rendered against him and in favor of National Bank of Commerce of San Antonio, one of the appellees here. Collins filed no motion for new trial during the term in which the judgment was rendered, but on March 31, 1940, filed this action to set aside the judgment rendered against him. Counsel representing Collins in this proceeding did not represent Collins in the former action. Collins' former attorney did, however, testify in this case concerning his failure to be present in

court at the time judgment was rendered against his client. This attorney testified that: "This matter, of course, is one of great embarrassment to me. It is just one of those things which might happen to any one. I simply abandoned the case. I simply quit thinking about the case. I put it out of my mind; I quit thinking of filing an amended answer to set up subrogation, ratification, or any other defense."

We need not quote further from this attorney's testimony. The conclusion is inescapable that this inadvertence was one of those occurrences that sometimes take place—the attorney forgot about the case—the matter slipped from his mind.

The public policy of the State which demands finality of judgments precludes the vacating of a final judgment (the term in which it was rendered having expired), upon the ground that the attorney for one of the parties forgot about the case.

In Brownson v. Reynolds, 77 Tex. 254, 13 S.W. 986, 987, Judge Gaines, speaking for the Supreme Court, said: "It is a rigid rule that courts of equity will not grant a party to a judgment a new trial when the failure to have a full and fair presentment of his case has resulted from the negligence or mistakes of his counsel. Public policy demands that, in the absence of fraud on the part of his counsel, the party should be as fully concluded by the act of his attorney as if he were acting for himself."

Other authorities supporting our conclusion above stated are: Goss v. McClaren, 17 Tex. 107, 67 Am.Dec. 646; Harn v. Phelps, 65 Tex. 592; Merrill v. Roberts, 78 Tex. 28, 14 S.W. 254; Ricketts v. Ferguson, 64 S.W.2d 416, writ refused; Homuth v. Williams, Tex.Civ.App., 42 S.W.2d 1048; Smith v. Ferrell, Tex.Com.App., 44 S.W.2d 962; Kost v. Rose, Tex.Civ.App., 103 S.W. 2d 429; 25 Tex.Jur. 614, § 206.

The failure of appellant or his attorney to appear at the time the former case was set for hearing can not, under this record, be excused by alleged statements or remarks attributed to the trial judge or parties to said action. Poland v. Risher, Tex. Civ.App., 88 S.W.2d 1106, affirmed Mann v. Risher, 131 Tex. 498, 116 S.W.2d 692.

The judgment of the trial court is affirmed.

On Motion for Rehearing.

Appellant, in an able and vigorous motion for rehearing, asserts that we erred in classifying the action of appellant's former

attorney as negligent. It is insisted that his action amounted to an "abandonment." This distinction is sought to be drawn from said attorney's testimony, which is in substance a description of the mental processes undergone by him in connection with his "forgetting" or "abandoning" the case.

We are unwilling to rest a decision as to the validity or finality of a judgment upon the particular mental processes experienced by appellant's former attorney or his description thereof. The sound public policy calling for finality of judgments precludes this view.

The motion for rehearing is overruled.