## BEALL et al. v. PINCKNEY.

No. 10481.

Circuit Court of Appeals, Fifth Circuit.

Jan. 15, 1943.

Herbert S. Latham and Philip D. Beall, both of Pensacola, Fla., and Jno. H. Carter, of Marianna, Fla., for appellants.

Millard F. Caldwell, Ben A. Meginniss, and Julius F. Parker, all of Tallahassee, Fla., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

On June 4, 1942, the Receiver of the Estate of L. H. Beall, a bankrupt, filed a plenary suit to set aside as fraudulent and preferential a conveyance made by Beall on April 9, 1942, whereby he had purported to transfer to W. O. Weekes, M. Walsh, and Kyle Jordan all of his interest "in and to the business, good will and assets of the party of the first part individually, or as doing business under the name and style of Modern Gas Company, or as alleged 'owner' thereof, and/or Modern Appliance Company". Separate answers were filed by Beall, and by Walsh, Weekes, and Jordan on June 10, 1942. It was alleged that the

interest conveyed by Beall "was nominal and of no debt paying value"; that he was not the owner of the assets of Modern Gas Company; that such assets were in fact owned by Modern Appliance Company of Florida, Inc.; and that Beall merely operated the gas business by authority of the Modern Appliance Company. It was further alleged that by virtue of a pre-existing agreement Walsh, Weekes, and Jordan each owned a one-tenth interest in the business, and that each of their interests were represented by ten shares of stock of Modern Appliance Company of Florida, Inc., which shares had been issued subject to cancellation of outstanding shares which had been pledged by the corporation to a creditor as collateral in 1939.

After the coming in of the answers, the plaintiff moved for summary judgment under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Due notice was given to the defendants, and a hearing on the motion was held on August 17, 1942. Beall and Walsh failed to appear at the hearing either by counsel or in person. Weekes and Jordan appeared in person and admitted in open court that the Modern Appliance Company had been organized in 1937; that the corporation had issued the full amount of its authorized capital stock; that ninety-six of its authorized one hundred shares of stock had been pledged with a creditor in 1939; that the certificates evidencing the attempted issue of ten shares of stock to each of them were issued in 1942 but were dated back to April, 1941; and that this attempted issue was nothing more than a promise on Beall's part to convey ten shares of stock to each of them, if and when the pledged shares were released by the pledgee. They further admitted that Beall claimed and conducted the business of Modern Gas Company as his own, individually, at the time he executed the transfer on April 9, 1942. With the pleadings and admissions before it, the court thereupon entered a summary judgment setting aside the conveyance and holding that Weekes, Walsh, and Jordan had acquired no interest in the property described in the instrument, either by the conveyance itself, which was found to be "fraudulent, void, and of no effect", or by the issue of stock to them, "which was clearly an overissue and, therefore, void and of no effect". Thereafter, Weekes and Jordan confirmed their admissions in writing. Only Beall and Walsh appealed.

The admissions of Weekes and Jordan and the pleadings on file made it clearly appear that as to them and Beall there was no genuine issue as to any material fact, and summary judgment was properly entered against them. Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c; American Ins. Co. v. Gentile Bros. Co., 5 Cir., 109 F.2d 732; Fletcher v. Krise, 73 App.D.C. 266, 120 F.2d 809.

As to the defendant Walsh, however, we think the court should have required proof of the facts as to his asserted one-tenth interest in the business. The informal admissions of Weekes and Jordan, although binding on them, were not conclusive as to Walsh, and there were no supporting affidavits, admissions, or depositions on file showing that there was no genuine issue as to his claim that he owned an interest in the business under a promise made long before the transfer or the bankruptcy of Beall. Accordingly, the judgment as to Walsh is reversed and the cause is remanded to the District Court for further proceedings so that proof may be made on the issue and Walsh may be permitted to come in and prove, if he can, that he owns an interest in the business as alleged by him. Pending such further hearing and decision by the District Court, the property will remain in the custody of the Trustee in Bankruptcy. Except as to Walsh, the judgment is affirmed.