## SMITH v. CITY OF DALLAS.
### No. 15109.

Court of Civil Appeals of Texas.
Dallas.
May 2, 1952.

Russell E. Smith, of Dallas, in pro. per., for appellant.

H. P. Kucera, City Attorney, Dallas, for appellee.

PER CURIAM.

The history of the matters between appellant and appellee it shown by the opinions in Smith v. City of Dallas, Tex.Civ. App., 78 S.W.2d 301, City of Dallas v. Smith, 130 Tex. 225, 107 S.W.2d 872, Smith v. City of Dallas, Tex.Civ.App., 163 S.W. 2d 681, and City and County of Dallas v. Cramer, Tex.Civ.App., 207 S.W.2d 918.

After such cases, there was a proceeding filed in the District Court February 25, 1952 by appellant, and was commenced by a "Motion for Leave to File Motion for Declaratory Judgment," for a "Motion for Declaratory Judgment," and "An Original

Petition." The substance of the allegations in, and the relief sought by, such instruments was to secure a retrial on the questions and issues involved in the former proceedings. Appellant set out that he was mentally incompetent at all times involved in the above reported cases; was not properly before the court at any of the times involved therein; and sought to have all said proceedings declared void, and to recover on a new trial thereon $28,288 damages, plus costs, etc.

After the filing of such proceeding in the District Court, the City and County of Dallas, and others, filed a motion in our former cause No. 13,889, City and County of Dallas v. Cramer, Judge, Tex.Civ.App., 207 S.W.2d 918, seeking to have us direct the District Court to take no further action in said cause except to dismiss the same for the reason that the filing of the same was a violation of this Court's writ of prohibition heretofore issued, which motion we sustained and ordered the District Court to dismiss the cause, which order the District Court obeyed. The present record sought to be filed by Smith is the record in said dismissed District Court proceeding.

We have examined the motion, as well as the transcript and other papers tendered therewith, and are of the opinion that the filing of the proceeding below, as well as the present motion now under consideration, are in direct violation of the former judgment of this Court in its cause No. 13,889, City and County of Dallas v. Cramer, Judge. However, in view of appellant's allegations that he was mentally deranged at the various times involved in the previous proceedings, we have fully reviewed the matters contained in the motion to file the transcript, as well as the transcript itself. Our examination of the records in the various cases above set out, shows that Smith was at one time adjudged insane, but that he was later judically declared sane, and there is no new showing, other than his own allegations in his pleadings, that he is insane at this time.

Since this proceeding is one in the nature of a bill of review, we take

judicial notice of the former proceedings and have reviewed such proceedings, as well as our former opinions therein, and have again reviewed the authorities applicable to the cause of action alleged here. Such review leads us to the conclusion that the law is well settled that the City and County of Dallas are not, as a matter of law, liable for the negligence of their agents, servants and employees in carrying out their duties to the public in the usual course of their employment in Parkland Hospital, then and now operated by the City and County of Dallas. Gartman v. City of McAllen, 130 Tex. 237, 107 S.W.2d 879; Gotcher v. City of Farmersville, Tex. Civ.App., 139 S.W.2d 361, affirmed 137 Tex. 12, 151 S.W.2d 565.

Our Supreme Court distinguishes clearly as to when a City is liable, or not liable, for the acts of its agents or employees in carrying out their duties for a municipal corporation in City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259, syls. 2–4, inclusive, and there expressly reaffirms the holding in City of Dallas v. Smith, Tex.Com. App., 107 S.W.2d 872, supra, also reported in 130 Tex. 225, 107 S.W.2d 872. The petitioner here clearly in each of his petitions filed over a period of years, sets out facts on which there could be no recovery by him as against the City and County of Dallas, whether he was sane or insane, at the time the judgments in the former actions were entered.

A bill of review can only be maintained where the petitioner shows he was deprived of a trial on the true facts involved, by fraud, accident or mistake, and then only if the facts alleged, if true, would constitute a cause of action upon which a recovery could be predicated. In other words, would a new trial on the bill of review, and the establishment of such facts as true, "bring about a different result?" If not, relator's bill of review is fatally defective and states no cause of action. Mann v. Risher, 131 Tex. 498, 116 S.W.2d 692, opinion by Judge Taylor, Commissioner, adopted by the Supreme Court. Our Supreme Court in 1895, in Ratto & Co.

v. Levy Bros. & Co., 63 Tex. 278, at page 281, stated the correct rule as follows:

"It is well settled that in this character of cases 'relief will not be granted unless the party seeking to show clearly to the satisfaction of the chancellor that he has a good defense to the action, which he was prevented from making by fraud, accident or the acts of the opposite party, wholly unmixed with any fault or negligence on his part. He must be able to impeach the justice and equity of the verdict and judgment of which he complains, and to manifest clearly to the court that there is good ground to suppose that a different result will be attained by a new trial. Plummer v. Power, 29 Tex. 14, and cases there cited; Burnley v. Rice, 21 Tex. [171] 183.' Johnson v. Templeton, 60 Tex. [238], 239; Nevins v. McKee, 61 Tex. 412; Freeman v. Miller, 53 Tex. [372] 377; Overton v. Blum, 50 Tex. 417; Roller v. Wooldridge, 46 Tex. 485."

To the same effect see First National Bank v. Hartzog, Tex.Civ.App., 192 S.W. 363, and Crosby v. Di Palma, Tex.Civ.App., 141 S.W. 321.

█ Since no relief could be granted to the petitioner even if the record should be filed, the motion must be overruled and the transcript returned to the petitioner. It is so ordered.