**DRAKE et ux. v. FIRST NAT. BANK, MERCEDES et al.**

No. 12488.

Court of Civil Appeals of Texas. San Antonio.

Dec. 31, 1952.

Rehearing Denied Jan. 21, 1953.

W. G. Perkin, Edinburg, for appellants.

Kelley, Looney, McLean & Littleton, Edinburg, for appellees.

NORVELL, Justice.

This is an appeal from a summary judgment rendered for defendants in accordance with the provisions of Rule 166–A, Texas Rules of Civil Procedure. The purpose of the rule is not to decide issues of fact but to ascertain if any genuine issues of fact exist, Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236, and to eliminate unmeritorious claims and untenable defenses. Kaufman v. Blackman, Tex.

Civ.App., 239 S.W.2d 422. When the pleadings and admissions establish that there is no genuine issue of fact in the case a summary judgment should be rendered. Farrall v. District of Columbia Amateur Athletic Union, 80 U.S.App.D.C. 396, 153 F.2d 647; Beall v. Pinckney, 5 Cir., 132 F.2d 924, 161 A.L.R. 1281; Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016.

Appellants in this Court were represented by a different attorney in the trial court. Their suit below was in the nature of a bill of review to set aside a judgment by default rendered on October 11, 1950, at the September term of the 92nd District Court. The original petition alleges that:

"* * * Plaintiffs (appellants here) were served with citation in said (original) cause * * * (but) no answer was filed on behalf of either Mercedes Packing Company or these Plaintiffs (L. F. Drake and wife, Gertrude D. Drake) in said cause. The failure to file an answer in behalf of these Plaintiffs was the result of accident or mistake on the part of the attorneys for the Plaintiffs. * * * No answer had been filed by Plaintiffs' attorneys because such attorneys were aware of bankruptcy proceedings pending, believed and were under the impression that the pendency of such proceedings would cause a continuance of the cause on the docket of the Court and that no action would be taken thereon so long as such proceedings were pending but this failure to file an answer was not known to the Plaintiffs at such time and was not known until after judgment had been obtained in Cause No. A–8339 (the judgment now sought to be set aside) and after adjournment of the term of Court wherein such judgment had been obtained * * *.

"At the Call of the Docket the attorneys for the Plaintiffs (defendants upon the bill of review) in Cause No. A–8339 did not ask for a default judgment and did not ask for a setting of the cause for trial but instead announced to the Court that the bankruptcy was pending and for that reason the cause should be continued pending the bankruptcy proceedings. This announcement, together with the fact of the bankruptcy proceedings, further led Plaintiffs and their attorneys to believe that there would be no trial and no attempt to take judgment pending the bankruptcy proceedings or at least until after the beginning of the next term of court, which was scheduled to convene in November, 1950."

In a subsequent pleading, described as "a petition supplementing the original petition," it is alleged that L. F. Drake "was not properly, legally or actually served with citation" in the original cause wherein judgment was rendered by default. It is further alleged that the officer's return on the citation "shows on its face that L. F. Drake was not served as a person or individual defendant in said cause but was served only as general manager of Mercedes Packing Co., Inc."

Both pleadings were sworn to by L. F. Drake as being true and correct and were not amended after the motion for summary judgment was filed.

In support of the motion for summary judgment, one of the attorneys for appellants (defendants upon the bill of review) made an affidavit that he requested judgment by default when the case was reached on the call of the docket for the September, 1950, term. Drake seeks to contradict this affidavit by one of his own which shows upon its face that he was not present when the docket was called, but, nevertheless, says that, "at the call of the docket on appearance day, or rather what would have been appearance day had they (L. F. and Gertrude Drake) been served with citation, the defendants, through their attorney, announced in open court that there was a petition in bankruptcy pending relating to the same subject matter as that with which Cause No. A–8339 was concerned, and requested the Court to continue the same, or, alternatively, suggested to the Court that the matter was continued by operation of law, whereupon the Court passed or continued the cause for that term."

232

In our opinion, the motion for summary judgment was properly granted. Insofar as appellants' contention that they were not served with citation and that this was disclosed by the judgment roll, i.e., the officer's return upon the citation, they were clearly barred from obtaining equitable relief as they had a clear and adequate remedy at law by way of writ of error. Article 2255, Vernon's Ann.Tex.Civ.Stats.; Mills v. Disney, Tex.Civ.App., 54 S.W.2d 596; Smith v. Zenith Corporation, Tex.Civ. App., 134 S.W.2d 337; Delgado v. Delgado, Tex.Civ.App., 253 S.W.2d 708.

Accordingly, we must determine this appeal upon the basis that appellants were properly served. (The transcript before us contains the original judgment which recites due service and request for a default judgment on appearance day. It does not contain the citation or the officer's return thereon.) The rule seems settled that after term time a judgment rendered by default for failure to answer will not be set aside upon bill of review in absence of a showing that the party requesting equitable relief was prevented from making his defense by fraud, accident or the wrongful act of the opposing party, unmixed with any fault or negligence of his own. Smith v. Ferrell, Tex.Com.App., 44 S.W.2d 962; Harding v. W. L. Pearson & Co., Tex.Com. App., 48 S.W.2d 964; Mann v. Risher, 131 Tex. 498, 116 S.W.2d 692; Ricketts v. Ferguson, Tex.Civ.App., 64 S.W.2d 416; Reynolds v. Volunteer Life Ins. Co., Tex. Civ.App., 80 S.W.2d 1087; Kost v. Rose, Tex.Civ.App., 103 S.W.2d 429; Fowler v. Texas Employment Ins. Ass'n, Tex.Civ. App., 237 S.W.2d 373.

We are of the opinion the Drakes' affidavit patently based upon hearsay, cannot be construed as indicating a genuine fact issue relating to the request made for judgment by default. But even if it did, the rule laid down by the cited cases would preclude a recovery by appellants. Other circumstances pleaded by appellants themselves disclose a lack of legal excuse for not answering as required by law.

As appellants in this proceeding of an equitable nature could not raise the issue of nonservice upon them and there is no genuine fact issue indicated with reference to an excuse for not answering, we need not discuss appellants' contentions with reference to their asserted meritorious defense other than to say that seemingly no good defense to the *entire cause of action pleaded by appellees and upon which the judgment is based* is presented by the application for bill of review. Hunt v. Wichita County Water Improvement District No. 12, Tex. Civ.App., 213 S.W. 343; Moon v. Weber, Tex.Civ.App., 103 S.W.2d 807.

The judgment appealed from is affirmed.